**Robbins Geller Rudman & Dowd LLP**

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Alan I. Ellman
aellman@rgrdlaw.com

August 11, 2023

<u>VIA ECF</u>

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      Re:    <u>*Lian v. Tuya Inc., et al.*</u>, Case No. 1:22-cv-06792-JPC (S.D.N.Y.)

Dear Judge Cronan:

We, along with Glancy Prongay & Murray LLP, represent Lead Plaintiffs Kyle Nelson and Jiyi Qiu ("Plaintiffs") in the above-captioned matter. We respectfully submit the attached decision, *Winter v. Stronghold Digital Mining, Inc.*, 2023 WL 5152177 (S.D.N.Y. Aug. 10, 2023) (the "Decision"), as recent authority further supporting Plaintiffs' Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint ("Plaintiffs' Opposition," ECF No. 66).[1]

In the Decision, Judge Abrams sustained claims pursuant to Sections 11 and 15 of the Securities Act of 1933. Plaintiffs respectfully refer the Court to pages *5 through *8 of the Decision, which provide additional support for the arguments in Plaintiffs' Opposition. Specifically, Judge Abrams held that "plaintiffs are not required to allege that defendants in Section 11 and Section 12 claims knew, or should have known, of any material omitted facts or misstatements at the pleading stage." *Id*. at *7. The court noted the distinction between "[w]hether a fact was 'knowable' at the time of a securities offering" and "whether a defendant 'knew,' or 'should have known' of that fact." *Id*. "Indeed, the cases Defendants cite turn on whether plaintiffs alleged that a defendant *could have known* of an alleged misstatement or omission—i.e., whether the relevant event had already transpired at the time of the offering—not, as Defendants argue, on what the defendant knew or should have known." *Id*. (emphasis in original).

We thank the Court for its attention to this matter and are available should the Court have any questions.

        Respectfully submitted,

        */s/ Alan I. Ellman*

        ALAN I. ELLMAN

Cc: All Counsel of Record (via ECF)

---

[1]    The Decision is attached hereto as Exhibit A.