**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- X
                                  :

XIAOMENG LIAN, Individually and on     :    Case No. 1:22-cv-6792-JPC-OTW
Behalf of All Others Similarly Situated,    :

                                  :    ECF CASE

               Plaintiff,           :

      vs.                            :

                                  :

TUYA INC., XUEJI (JERRY) WANG,       :
LIAOHAN (LEO) CHEN, YI (ALEX) YANG, :
YAO (JESSIE) LIU, SCOTT SANDELL,     :
CARMEN CHANG, JEFF IMMELT, QING   :
GAO, JING HONG, MORGAN STANLEY & :
CO. LLC, BofA SECURITIES, INC., and    :
CHINA INTERNATIONAL CAPITAL       :
CORPORATION HONG KONG           :
SECURITIES LIMITED,               :

                                  :

            Defendants.        :

                                  :
-------------------------------------------------------- X

**JOINDER OF CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG**
**SECURITIES LIMITED IN DEFENDANTS' MOTION**
**TO DISMISS THE AMENDED COMPLAINT**

Pursuant to the Court's Order dated July 19, 2023, Dkt. 74, Defendant China International

Capital Corporation Hong Kong Securities Limited ("CICC") hereby joins fully in the Notice of

Defendants' Motion to Dismiss the Amended Complaint, Dkt. No. 63 (the "Notice"), the

Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint, Dkt.

64 ("Memorandum" or "Mem."), and the Declaration of Edmund Polubinski, Dkt. 65 (the

"Declaration" or "Decl.") (collectively, with the Notice and Memorandum, the "Motion").[1] CICC

was one of the underwriters for Tuya's IPO and is expressly referred to as one of the "Underwriter

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Memorandum.

Defendants" in the Amended Complaint.  AC ¶ 39.[2]  Accordingly, for all the reasons set forth by the Underwriter Defendants and the Tuya Defendants in the Motion, the Court should dismiss the Amended Complaint against CICC with prejudice pursuant to Federal Rule 12(b)(6) for failure to state a claim.

In addition, the Amended Complaint should be dismissed with prejudice as against CICC pursuant to Federal Rule 12(b)(2) because the Plaintiffs have not established that the Court has personal jurisdiction over CICC.  "[I]t is the plaintiff's burden to establish that the court has personal jurisdiction over the defendants." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 334 (2nd Cir. 2016).  Plaintiffs plainly fail to do so here with respect to CICC.

As a threshold matter, the Amended Complaint does not contain a single jurisdictional allegation specific to CICC.  Rather, Plaintiffs only allege, in conclusory fashion, that "Defendants conducted the IPO in this District, disseminated the Registration Statement into this District, and solicited purchasers of Tuya ADSs in this District," and that "[t]he Underwriter Defendants [] also have substantial operations and/or conduct substantial business in this District (directly or via agents), and represented Tuya and all or some of the other defendants in carrying out the IPO." AC ¶ 24.  None of these vague, *group-wide* allegations are sufficient to establish personal jurisdiction over *CICC*.  *See Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 396 (S.D.N.Y. 2021) ("To allege personal jurisdiction over a defendant, group pleading is not permitted. Instead, the plaintiff is required to establish personal jurisdiction separately over each defendant.") (internal citation and quotations omitted).

In any event, any effort by Plaintiffs to allege facts to establish either general or specific jurisdiction over CICC would be futile.  CICC is based in Hong Kong.  *See* Reg. St. at 204.

---

[2] CICC was not served until nearly two months after the Motion was filed.

Accordingly, it is not "at home" in New York or anywhere in the United States such that it could be subject to general jurisdiction in this Court. *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014) (General jurisdiction is established in "situations where a foreign corporation's continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.") (internal citation and quotations omitted).

Nor did CICC engage in any conduct related to Tuya's IPO sufficient to "create a substantial connection with" New York or any other state such that it could be subject to specific jurisdiction in this Court. *See Waldman*, 835 F.3d at 335 (quoting *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014)). As the Registration Statement makes clear, "[CICC] is not a broker-dealer registered with the SEC" and could not itself offer or sell Tuya ADS in the United States. Reg. St. at 204 (explaining that "to the extent that [CICC's] conduct may be deemed to involve participation in offers or sales of ADSs in the United States, those offers or sales will be made through one or more SEC-registered broker-dealers in compliance with the applicable laws and regulations"). And the Amended Complaint contains no allegations that CICC in fact made any offers or sales in the United States in connection with Tuya's IPO, through a registered broker-dealer or otherwise. In short, Plaintiffs cannot allege any specific actions taken by CICC that would provide a basis to establish personal jurisdiction over it in this Court.

For the foregoing reasons, and all of the reasons set forth in the Motion, Plaintiffs' claims against CICC should be dismissed under Federal Rules 12(b)(2) and 12(b)(6) with prejudice.

Dated: August 14, 2023

By:  */s/ Gregg L. Weiner*
Gregg L. Weiner
Andrew S. Todres
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Phone: (212) 596-9000
Gregg.Weiner@ropesgray.com
Andrew.Todres@ropesgray.com

*Attorneys for Defendants Morgan Stanley &
Co. LLC, BofA Securities, Inc., and China
International Capital Corporation Hong
Kong Securities Limited*

4