UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

XIAOMENG LIAN, Individually and on
Behalf of All Others Similarly Situated,

      Plaintiff,

  vs.

TUYA INC., XUEJI (JERRY) WANG,
LIAOHAN (LEO) CHEN, YI (ALEX) YANG,
YAO (JESSIE) LIU, SCOTT SANDELL,
CARMEN CHANG, JEFF IMMELT, QING
GAO, JING HONG, MORGAN STANLEY &
CO. LLC, BofA SECURITIES, INC., CHINA
INTERNATIONAL CAPITAL
CORPORATION HONG KONG
SECURITIES LIMITED,

      Defendants.

———————————————————— x

:  Civil Action No. 1:22-cv-06792-JPC

:  CLASS ACTION

:  **LEAD PLAINTIFFS' OPPOSITION TO
JOINDER OF CHINA INTERNATIONAL
CAPITAL CORPORATION HONG
KONG SECURITIES LIMITED TO
DEFENDANTS' MOTION TO DISMISS
THE AMENDED COMPLAINT**

Lead plaintiffs Kyle Nelson and Jiyi Qiu ("Plaintiffs") respectfully submit this memorandum in opposition to the joinder of China International Capital Corporation Hong Kong Securities Limited ("CICC") to Defendants'[1] Motion to Dismiss the Amended Class Action Complaint.[2]

## I.      Relevant Procedural History

This matter was initiated on August 9, 2022.  ECF No. 1.  On March 2, 2023, Plaintiffs filed their Amended Complaint against Defendants for violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") alleging that Defendants made material misstatements and omissions in connection with Tuya's March 18, 2021 initial public offering ("IPO").  The Amended Complaint alleges, *inter alia*, that Tuya failed to disclose that a material percentage of its customers, who are primarily comprised of brands, original equipment manufacturers, industry operators, and system integrators, engaged in fake customer reviews.  *See* ¶¶44-113.  CICC, which is located in Hong Kong, acted as an underwriter for the IPO and was named as a defendant in the Amended Complaint.  ¶39.

On May 1, 2023, Tuya, Sandell, Chang, Immelt, Morgan Stanley & Co. LLC, and BofA Securities, Inc. submitted a Notice of Defendants' Motion to Dismiss the Amended Complaint, Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint, and Declaration of Edmund Polubinski III (collectively, the "Motion to Dismiss").  ECF Nos. 63-65.

Defendants moved pursuant to Federal Rule 12(b)(6) for failure to state a claim.  ECF No. 63.  On June 30, 2023, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss.  ECF No.

---

[1]      Tuya, Inc. ("Tuya" or the "Company"), Xueji (Jerry) Wang, Liaohan (Leo) Chen, Yi (Alex) Yang, Yao (Jessie) Liu, Scott Sandell, Carmen Chang, Jeff Immelt, Qing Gao, Jing Hong, Morgan Stanley & Co. LLC, BofA Securities, Inc., and CICC are collectively referred to herein as the "Defendants."

[2]      Citations to "¶_" refer to Plaintiffs' Amended Class Action Complaint (ECF No. 56, the "Amended Complaint").  Unless otherwise indicated, all emphasis is added and all internal citations and quotations are omitted.

66. Defendants, including CICC, filed their Reply in Support of the Motion to Dismiss the Amended Complaint on August 14, 2023.  ECF No. 85.

Service of process of the Amended Complaint, Amended Summons, and associated documents was effectuated on CICC on June 30, 2023, by delivery of the same to the service address of CICC by the Hong Kong Bailiff Office.  ECF No. 82.  On July 17, 2023, CICC submitted a letter to the Court requesting leave to file a joinder in the motion to dismiss the Amended Complaint for failure to state a claim.  ECF No. 73.  The Court So-Ordered that CICC may join the motion to dismiss and assert any additional unique defenses.  ECF No. 74.  Thereafter, CICC submitted its joinder motion to dismiss the Amended Complaint ("Joinder to Motion to Dismiss").  ECF No. 84.  CICC's Joinder to Motion to Dismiss lodges an additional, new argument that the Amended Complaint should be dismissed against it for lack of personal jurisdiction pursuant to Federal Rule 12(b)(2).  *Id.*

**II.      Plaintiffs Have Sufficiently Alleged a Prima Facie Showing of Personal Jurisdiction and CICC Has Not Presented a Compelling Case that Would Render Jurisdiction Unreasonable**

"On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant."  *S.E.C. v. Straub*, 921 F. Supp. 2d 244, 251 (S.D.N.Y. 2013).  "However, prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith . . . legally sufficient allegations of jurisdiction, *i.e.*, by making a *prima facie* showing of jurisdiction."  *Id.*

A plaintiff need only make a prima facie showing of jurisdiction, and in evaluating whether there is personal jurisdiction over a defendant, the court must construe the pleadings in the light most favorable to the plaintiff.  *See In re Longfin Corp. Sec. Class Action Litig.*, 2019 WL 1569792, at *10 (S.D.N.Y. Apr. 11, 2019).  "A prima facie showing of personal jurisdiction requires: (1) procedurally proper service of process, (2) a statutory basis for personal jurisdiction that renders

such service of process effective and (3) that the exercise of personal jurisdiction . . . comport with constitutional due process principles." *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, 457 F. Supp. 3d 401, 407 (S.D.N.Y. 2020). Plaintiffs have made a prima facie showing of personal jurisdiction as to CICC.

### A. Plaintiffs Have Properly Served CICC and Alleged a Statutory Basis for Personal Jurisdiction

Section 22 of the Securities Act establishes the basis for personal jurisdiction over defendants in domestic and extraterritorial matters and permits worldwide service of process, extending the exercise of personal jurisdiction to the limit of the Due Process Clause of the Fifth Amendment. 15 U.S.C. §77v (providing for worldwide service of process); ¶24 ("This Court has personal jurisdiction over each of the defendants . . . pursuant to . . . §22 of the Securities Act of 1933 (15 U.S.C. §77v)").[3] Plaintiffs have executed procedurally proper service of process by delivery to the address on file for CICC. ECF No. 82. In fact, CICC does not contest that it was properly served. As such, Plaintiffs have satisfied the first two elements for personal jurisdiction.

### B. The Exercise of Personal Jurisdiction Over CICC Comports with Constitutional Due Process Principles

"The due process test for personal jurisdiction has two related components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry." *Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). A defendant's minimum contacts with the United States are established if they are such that the defendant's "conduct and connection with the forum [] are such that he should reasonably anticipate being haled into court there." *SEC v. Unifund SAL*, 910 F.2d 1028, 1033 (2d Cir. 1990); *see also In re CINAR Corp. Sec. Litig.*, 186 F. Supp. 2d 279, 305

---

[3]   *See also Straub*, 921 F. Supp. 2d at 244 (explaining statutory provision permits worldwide service of process and the exercise of personal jurisdiction to the limit of the Fifth Amendment's Due Process Clause for Securities Act Claims).

(E.D.N.Y. 2002) (same). "The Supreme Court has emphasized that 'it is the defendant's actions, not his expectations, that empower a [forum's] courts to subject him to judgment.'" *Longfin Corp.*, 2019 WL 1569792, at *9 (quoting *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 883 (2011)). If Plaintiffs establish that minimum contacts exist, the "defendant must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id*. at *10 (quoting *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 169 (2d Cir. 2015)).

Courts in this Circuit have found that the minimum contacts and reasonableness standards are satisfied, and exercised personal jurisdiction, when, as here, "foreign persons . . . signed allegedly false or misleading statements filed with the Securities and Exchange Commission, including in cases concerning ADRs that are traded on American exchanges." *Mucha v. Volkswagen Aktiengesellschaft*, 540 F. Supp. 3d 269, 283 (E.D.N.Y. 2021) (collecting cases). In *Mucha*, the court had personal jurisdiction over foreign defendants because "they knew that [Volkswagen] securities [were] traded in the United States and that . . . other [Volkswagen] materials were posted on company web sites in English, thus suggesting that [they] knew that U.S. investors would rely upon them." *Id*. at 284-85. Similarly, here, CICC served as an underwriter of Tuya's offering of American Depositary Shares ("ADS") on the New York Stock Exchange ("NYSE"), and consented to use of its name in Tuya's Registration Statement, which it filed with the Securities and Exchange Commission ("SEC"). As such, it is reasonable for the Court to exercise personal jurisdiction over CICC. *See CINAR Corp.*, 186 F. Supp. 2d at 305 (exercising personal jurisdiction over foreign defendant who signed registration statement).

### C.    CICC's Arguments Against Personal Jurisdiction Are Specious

Plaintiffs have made a prima facie showing that the Court has personal jurisdiction over CICC.  CICC, in turn, makes four arguments as to why the Court lacks personal jurisdiction over it.  ECF No. 84 at 2-3.  Each of CICC's arguments fail.

*First*, CICC argues "the Amended Complaint does not contain a single jurisdictional allegation specific to CICC." *Id*. at 2.  This is incorrect.  The Amended Complaint sets out specific allegations of CICC's involvement in Tuya's IPO and alleges CICC represented Tuya and other defendants in carrying out the IPO.  ¶¶39-43.  The Amended Complaint describes how CICC acted as a joint bookrunner for Tuya's IPO, that its name was prominently displayed on the offering documents, and it agreed to purchase 4,358,800 ADS in the IPO.  ¶42; *see also* Tuya's Amendment No. 1 to Form F-1 Registration Statement filed with the SEC on March 12, 2021 at 5 (ECF No. 65-1).  CICC, along with the other underwriters, shared over $37 million in fees for their underwriting services.  ¶43(a).  Based on the underwriting discount of $0.84 per ADS, CICC received about $3,661,392.00 in connection with the IPO.  ¶42.  Tuya's ADS trade in the United States, including in this District.  ¶28.

Further, Plaintiffs allege that CICC served as an underwriter of Tuya's offering of ADS on the NYSE and consented to use of its name in Tuya's Registration Statement which it filed with the SEC.  As discussed above, this is sufficient to establish minimum contacts for the purpose of personal jurisdiction at this stage of pleading.  *See* Section II.B., *supra*.

*Second*, CICC argues that it did not "engage in any conduct related to Tuya's IPO" that would create a substantial connection to New York or any other state.  ECF No. 84 at 3.  This is incorrect.  CICC underwrote Tuya's IPO offering for sale on the NYSE – such that CICC "should reasonably anticipate being haled into court" in this District.  *Unifund SAL*, 910 F.2d at 1033.  "Even when the defendant is based outside the United States – the Second Circuit has held that, in

- 5 -

securities cases, '[a] court may exercise personal jurisdiction over a foreign defendant who causes an effect in the forum by an act committed elsewhere.'" *Stein v. Teekay Corp.*, 2016 WL 10490287, at *3 (D. Conn. Nov. 18, 2016). Such is the case here. CICC is a foreign underwriter defendant that helped prepare Tuya's offering documents and engaged in due diligence for Tuya's IPO, which listed shares on the NYSE, thereby causing an effect in New York. ¶43(c).[4]

*Third*, CICC argues that the Amended Complaint "contains no allegations that CICC in fact made any offers or sales in the United States in connection with Tuya's IPO, through a registered broker-dealer or otherwise" and therefore Plaintiffs cannot establish personal jurisdiction. ECF No. 84 at 3. This argument is a red herring. CICC knew that it was underwriting an IPO for ADS to be sold in New York on the NYSE and that the Registration Statement and Prospectus would be filed with the SEC. By preparing the offering documents to be filed with the SEC for U.S. and non-U.S. investors, engaging in due diligence efforts in connection with the IPO, working with the other U.S.-based underwriters to determine the offering price for the IPO, and putting its name on associated filings, CICC purposefully availed itself of the American marketplace, subjecting it to this Court's jurisdiction. *See Mucha*, 540 F. Supp. 3d at 283; *Straub*, 921 F. Supp. 2d at 255; *Unifund SAL*, 910 F.2d at 1033; *CINAR Corp.*, 186 F. Supp. 2d at 305-06 (holding a registration statement "made to comply with the laws governing securities offerings in American markets" makes being haled into United States court reasonably foreseeable if there is litigation concerning the document).

*Fourth*, CICC argues that because it is based in Hong Kong, it is not "at home" in New York or anywhere in the United States. *See* ECF No. 84 at 3. This is irrelevant. The case law is clear that

---

[4]     Underwriters engage in extensive due diligence, determine the offering price, work with other underwriters, create the prospectus, and market and price the IPO, among other tasks. *See* Pedro Langa, *Underwriting Your Underwriter (IPO)*, FORBES (Apr. 20, 2023), https://www.forbes.com/sites/forbesfinancecouncil/2023/04/20/underwriting-your-underwriter-ipo/?sh=268f66104e34.

CICC need not be "at home" in New York or any state for the Court to exercise personal jurisdiction over it. *See Unifund SAL*, 910 F.2d at 1033.

*    *    *

In sum, it defies common sense that the Court would lack personal jurisdiction over an entity that underwrote an IPO for a company in order to list shares on the NYSE. As such, it is not surprising that courts find personal jurisdiction over foreign defendants in analogous circumstances. *See In re Parmalat Sec. Litig.*, 376 F. Supp. 2d 449, 456 (S.D.N.Y. 2005) (finding personal jurisdiction over foreign defendant where the company's securities traded in the United States and company documents were posted on its website in English); *see also Alpha Cap. Anstalt v. New Generation Biofuels, Inc.*, 2014 WL 6466994, at *8 (S.D.N.Y. Nov. 18, 2014) (finding personal jurisdiction over a foreign defendant who never signed any SEC filings because he was "aware of and responsible for [the company's] statements . . . and therefore could expect to face litigation regarding such statements").

### III.    Conclusion

Plaintiffs have made a prima facie showing that personal jurisdiction over CICC is appropriate as CICC has sufficient minimum contacts with the United States and exercising jurisdiction is reasonable. CICC, in turn, has not made a compelling case showing why personal jurisdiction of CICC would be unreasonable. Accordingly, CICC's motion should be denied.

DATED: September 14, 2023

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ALAN I. ELLMAN
NATALIE C. BONO

*/s/ Alan I. Ellman*
ALAN I. ELLMAN

- 7 -

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
aellman@rgrdlaw.com
nbono@rgrdlaw.com

GLANCY PRONGAY & MURRAY LLP
CASEY E. SADLER (admitted *pro hac vice*)
NATALIE S. PANG (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
csadler@glancylaw.com
npang@glancylaw.com

*Lead Counsel for Lead Plaintiffs Kyle Nelson and Jiyi Qiu*

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL JR.
Murray House
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632.6000
770/200.3101 (fax)
michaelf@johnsonfistel.com

*Additional Counsel for Lead Plaintiffs*