**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- X
    :
XIAOMENG LIAN, Individually and on   :    Case No. 1:22-cv-6792-JPC-OTW
Behalf of All Others Similarly Situated,   :
    :    ECF CASE
    Plaintiff,   :
    :
    vs.   :
    :
TUYA INC., XUEJI (JERRY) WANG,   :
LIAOHAN (LEO) CHEN, YI (ALEX) YANG,  :
YAO (JESSIE) LIU, SCOTT SANDELL,   :
CARMEN CHANG, JEFF IMMELT, QING   :
GAO, JING HONG, MORGAN STANLEY &  :
CO. LLC, BofA SECURITIES, INC., and   :
CHINA INTERNATIONAL CAPITAL   :
CORPORATION HONG KONG   :
SECURITIES LIMITED,   :
    :
    Defendants.   :
    :
--------------------------------------------------------- X

### REPLY BRIEF IN FURTHER SUPPORT OF THE JOINDER OF CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED IN DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Plaintiffs' opposition (the "Opposition" or "Opp.") all but ignores the two critical

jurisdictional defects in the Amended Complaint identified by CICC in its joinder to Defendants'

Motion (the "Joinder"): (i) the Amended Complaint contains no well-pled jurisdictional

allegations specific to CICC, and (ii) the Registration Statement makes clear that CICC, as a

foreign underwriter to the IPO, is not authorized to offer or sell Tuya ADS in the United States.[1]

Instead, the Opposition attempts to recast Plaintiffs' group-wide allegations as specific to CICC

and analogize this case to ones in which courts have exercised personal jurisdiction over

defendants that, *unlike CICC*, were alleged to have actually signed registration statements or

---

[1] Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Joinder.

otherwise engaged in specific conduct directed towards U.S. investors.  For these reasons, and as set forth below, the Court should dismiss the Amended Complaint against CICC for lack of personal jurisdiction.

*First*, as discussed in CICC's Joinder, Plaintiffs cannot establish personal jurisdiction through "group pleading." Joinder at 2 (quoting *Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 396 (S.D.N.Y. 2021) ("To allege personal jurisdiction over a defendant, group pleading is not permitted.  Instead, the plaintiff is required to establish personal jurisdiction separately over each defendant.") (internal citation and quotations omitted)).  In response, Plaintiffs identify five separate paragraphs in the Amended Complaint (AC ¶¶ 39 – 43) that purportedly "set[] out specific allegations of CICC's involvement in Tuya's IPO."  Opp. at 5.  But four of those five paragraphs do not, in fact, contain any allegations specific to CICC.  *See* AC ¶ 39 (Morgan Stanley & Co. LLC, BofA Securities, Inc., and CICC "collectively" served as underwriters and joint bookrunners for the IPO); AC ¶ 40 (allegation concerning Morgan Stanley & Co. LLC); AC ¶ 41 (allegation concerning BofA Securities, Inc.); AC ¶ 43 (allegations concerning the "Underwriter Defendants," collectively, without a single reference to CICC, individually).  And the only paragraph that does reference CICC merely alleges that it agreed to purchase ADS in the IPO at an underwriter discount (AC ¶ 42), which is not a sufficient basis for CICC to "reasonably anticipate being haled into court [to defend alleged securities law violations]." *Sedona Corp. v. Ladenburg Thalmann & Co.*, 2006 WL 2034663, at *9 (S.D.N.Y. July 19, 2006) (allegations of agreement by foreign defendant to buy stock of U.S. company insufficient to establish personal jurisdiction).

Unable to identify any well-pled jurisdictional allegations specific to CICC, Plaintiffs resort to recasting their underwriter group-wide allegations as CICC-specific, asserting in the Opposition that "CICC is a foreign underwriter defendant that helped prepare Tuya's offering

documents" and "work[ed] with the other U.S.-based underwriters to determine the offering price for the IPO." Opp. at 6 (purporting to cite AC ¶ 43). But the Amended Complaint contains no such allegations as to CICC, specifically. Perhaps recognizing as much, the Opposition then tries to establish support for its unpled allegations that CICC engaged in these activities by relying on a generic article in *Forbes* regarding the typical roles and responsibilities of IPO underwriters.[2] That article has nothing to do with the IPO at issue in this case and does not reference any of the underwriters or Tuya; instead, it merely observes that in a typical IPO, some members of an underwriting syndicate will work with the company to determine an offering price and create the offering documents. That is hardly sufficient support to establish that *CICC* engaged in these activities or otherwise participated in them to the same degree as the other members of the underwriter syndicate that Plaintiffs have lumped CICC together with in its impermissible group pleading. *See*, *e.g. Wilder v. News Corp.*, 2015 WL 5853763, at \*12 (S.D.N.Y. Oct. 7, 2015) (declining to exercise personal jurisdiction over foreign defendant where "none of the[] allegations [in the Complaint] is sufficient to raise 'above a speculative level' Plaintiffs' contention that [defendant] drafted, reviewed, authorized and/or disseminated" allegedly misleading statements) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*Second*, Plaintiffs attempt to square these generic, group-wide allegations—and an additional unpled assertion that CICC "consented to use of its name" in the Registration Statement (Opp. at 5)—with a line of cases holding that defendants that sign a registration statement or financial report intended for U.S. investors should reasonably expect to be haled into a U.S. court

---

[2] *See* Opp. at 6 n.4 (citing Pedro Langa, *Underwriting Your Underwriter (IPO)*, FORBES (Apr. 20, 2023), https://www.forbes.com/sites/forbesfinancecouncil/2023/04/20/underwriting-your-underwriter-ipo/?sh=6b53ee994e34).

when the accuracy of that filing or report is challenged.[3] But as made clear by the express language of the Registration Statement—which Plaintiffs tellingly ignore in their Opposition—CICC did not sign the Registration Statement and "is not a broker-dealer registered with the SEC," and thus could not itself offer or sell Tuya ADS in the United States. Reg. St. at 204, II-5-6. These undisputed facts—incorporated by reference in the Amended Complaint—plainly contradict Plaintiffs' conclusory claim that CICC "purposefully availed itself of the American marketplace." Opp. at 6.[4]

Finally, the mere fact that CICC was part of a large syndicate to list a foreign company's securities on the New York Stock Exchange does not establish that CICC—a foreign underwriter not authorized to sell those securities in the United States—reasonably expected to be haled into a U.S. court to defend claims concerning a registration statement that it is not specifically alleged to have prepared, approved, or signed. Plaintiffs' contrary assertion is unsupported by the authorities on which they rely, none of which relate to jurisdiction over underwriters—let alone foreign underwriters similarly situated to CICC.[5]

---

[3] *See* Opp. at 6 (citing *Mucha v. Volkswagen Aktiengesellschaft*, 540 F. Supp. 3d 269, 283-84 (E.D.N.Y. 2021) (exercising personal jurisdiction over company board members who "sign[ed] English language [financial] reports advertising Volkswagen's ADRs to American consumers"); *In re CINAR Corp. Sec. Litig.*, 186 F. Supp. 2d 279, 284, 305-06 (E.D.N.Y. 2002) (exercising personal jurisdiction over company executive that signed a registration statement); *SEC v. Straub*, 921 F. Supp. 2d 244, 248, 255-56 (S.D.N.Y. 2013) (exercising personal jurisdiction over company executives in action brought under the Foreign Corrupt Practices Act alleging that executives caused false information to be included in SEC filings and investor reports intended for "prospective *American purchasers* of [] securities") (emphasis added)). *SEC v. Unifund* (Opp. at 5-6) is also inapposite. *See* 910 F. 2d 1028, 1030, 1033 (2nd Cir. 1990) (holding that a Lebanese company accused of insider trading in a U.S. company should have reasonably expected its trading activity to have negative effects on U.S. investors).

[4] And, as Plaintiffs acknowledge, the Amended Complaint does not allege that CICC has made any offers or sales in the United States in connection with the Tuya IPO. Opp. at 6.

[5] *See* Opp. at 7 (citing *In re Parmalat Sec. Litig.*, 376 F. Supp. 2d 449, 451-52, 454-57 (S.D.N.Y. 2005) (exercising personal jurisdiction over foreign audit committee board member that was responsible for preparing company's financial statements where the causes of action were brought by plaintiffs who claimed to have bought securities in the United States); *Alpha Cap. Anstalt v. New Generation Biofuels, Inc.*, 2014 WL 6466994, at *1, 7-8 (S.D.N.Y. Nov. 18, 2014) (exercising personal jurisdiction over an officer of a publicly-traded U.S. company that was responsible for misstatements in SEC filings)).

For the foregoing reasons, and all of the reasons set forth in the Joinder and the Memorandum, Plaintiffs' claims against CICC should be dismissed under Federal Rules 12(b)(2) and 12(b)(6) with prejudice.

Dated: October 4, 2023

By:     */s/ Gregg L. Weiner*

Gregg L. Weiner
Andrew S. Todres
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Phone: (212) 596-9000
Gregg.Weiner@ropesgray.com
Andrew.Todres@ropesgray.com

*Attorneys for Defendants Morgan Stanley & Co. LLC, BofA Securities, Inc., and China International Capital Corporation Hong Kong Securities Limited*