**Davis Polk**

Edmund Polubinski
+1 212 450 4695
edmund.polubinski@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

February 1, 2024

Re: Lian v. Tuya, No. 1:22-cv-06792-JPC (S.D.N.Y.)

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY  10007

Dear Judge Cronan:

We write on behalf of Defendants to inform the Court of *Chen v. Missfresh*, ---F. Supp. 3d.---, No. 1:22-CV-09836-JSR, 2023 WL 7289750 (S.D.N.Y. Nov. 6, 2023) (attached), recent supplemental authority supporting Defendants' pending motion to dismiss the amended complaint.[1]

In *Missfresh*—in reasoning that is squarely applicable to the pending motion—Judge Rakoff dismissed Securities Act claims based on the defendant-issuer's alleged omission of "internal control deficiencies." *Id.* at *1.  In that case, despite concluding that defendants "could have" discovered the internal control deficiencies, *id.* at *9, Judge Rakoff concluded that plaintiffs failed to identify any relevant duty to disclose. Plaintiffs had identified no "express obligation" requiring disclosure, and the issuer's statements about compliance were not misleading by omission because they did not "misleadingly suggest[] that the subsequently-identified deficiencies *did not exist*." *Id.* at *10, *12.  Absent a duty to disclose, "there c[ould] be no liability, however material the information may seem with the benefit of hindsight." *Id.* at *10.

This same reasoning applies here, requiring dismissal. As in *Missfresh*, Plaintiffs fail to identify any duty to disclose.  They identify no "express obligation" requiring Tuya to disclose that fake Amazon reviews of third-parties' products might someday later have a negative impact on Tuya's business.  (Mot. 9–16, 20-22; Reply 1–5, 9–10.)  Nor do they identify statements that are misleading by omission because they cannot point to disclosures "misleadingly suggest[ing] that the subsequently-identified [fake reviews] *did not exist*," *Missfresh*, 2023 WL 7289750, at *12.  (Mot. 15, 19–20; Reply 5–8.)  Thus, even if Tuya could be charged with knowledge of the fake reviews, which were undisputedly *unknown* to Tuya and in the possession of and concealed by *third parties* at the time of Tuya's IPO, Plaintiffs' claims should be dismissed for the reasons explained in *Missfresh*.

Respectfully yours,

/s/ *Edmund Polubinski*

Edmund Polubinski

Enclosure

cc w/ enc:        All counsel of record

---

[1] This letter abbreviates Defendants' opening and reply memoranda of law in support of the motion to dismiss (Dkts. 64, 85) as Mot. and Reply, respectively.