**Robbins Geller**
**Rudman & Dowd** LLP

| Chicago | Melville | Nashville | San Diego | Wilmington |
|---|---|---|---|---|
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Alan I. Ellman
aellman@rgrdlaw.com

February 2, 2024

<u>VIA ECF</u>

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

   Re: *Lian v. Tuya Inc., et al.*,
     <u>Case No. 1:22-cv-06792-JPC (S.D.N.Y.)</u>

Dear Judge Cronan:

   We, along with co-counsel, represent Plaintiffs in the above-captioned matter.  We write in response to Defendants' February 1, 2024 letter (ECF No. 116, the "Letter") regarding *Chen v. Missfresh Ltd.*, No. 22-cv-9836 (JSR), 2023 WL 7289750 (S.D.N.Y. Nov. 6, 2023), a case decided nearly three months ago that Defendants have brought to the Court's attention.

   As an initial matter, while Defendants may provide notice to the Court of relevant supplemental authority, the Letter includes improper legal argument.  *See Solis v. Commonwealth Fin. Sys., Inc*., No. 18-cv-6130 (SJF) (AKT), 2020 WL 2523047, at *2 (E.D.N.Y. May 15, 2020) (granting motion to strike notice of supplemental authority "to the extent that the Court declines to address any additional legal argument put forth in the [n]otice"); *Legal Sea Foods, LLC v. Strathmore Ins. Co*., 517 F. Supp. 3d 32, 33 (D. Mass. 2021) ("Several courts have held that it is improper for a notice to include legal argument accompanying the cited authority.") (citing cases).

   *Missfresh* does not support Defendants' arguments—to the contrary, it supports Plaintiffs' claims.  The portion of the *Missfresh* opinion cited by Defendants concerned the defendant's description of internal-control compliance efforts and its alleged failure to disclose ongoing compliance deficiencies.  2023 WL 7289750, at *11.  Judge Rakoff noted that "[a] trio of Second Circuit cases explore under what circumstances a company's description of compliance efforts – such as those at issue here – can give rise to a duty to disclose ongoing compliance failures."  *Id*. Tellingly, Defendants cite none of those Second Circuit cases in either of their briefs—because the case at bar has nothing to do with statements concerning Tuya's compliance with internal controls.

   On the other hand, Judge Rakoff did address a legal point that is featured prominently in the parties' briefing: whether plaintiffs must allege that defendants "knew or had reason to know at the time of the IPO" of undisclosed facts, and the court ruled in favor of Plaintiffs' position here. *Id*. at *9.  Judge Rakoff found as follows:

   Defendants are also incorrect that they are entitled to dismissal because plaintiffs
   fail to allege that defendants "knew or had reason to know at the time of the IPO of
   the employee misconduct and internal control weaknesses."  MTD at 18.  It is well

58 South Service Road, Suite 200 Melville, NY 11747 Tel 631-367-7100 Fax 631-367-1173 rgrdlaw.com

**Robbins Geller
Rudman & Dowd** LLP

The Honorable John P. Cronan
February 2, 2024
Page 2

> settled that a plaintiff is not required to allege scienter to state a Section 11 claim. *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 365 (2d Cir. 2010) ("[P]laintiffs are not required under sections 11 and 12(a)(2) of the Securities Act to allege that defendants acted with scienter or intentionally omitted information from the Offering Documents."); *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 182 (2d Cir. 2014) (similar). While there are some district court opinions that suggest a defendant must have at least "kn[own] or had reason to believe" that a challenged statement was untrue, *Coronel v. Quanta Cap. Holdings Ltd.*, 2009 WL 174656, at *13 (S.D.N.Y. Jan. 26, 2009), properly understood these cases do not establish a requirement that a Securities Act plaintiff plead any form of knowledge. Rather, as Judge Abrams recently explained, these cases "turn[ed] on whether plaintiffs alleged that a defendant *could have known* of an alleged misstatement or omission -- i.e., whether the relevant event had already transpired at the time of the offering." *Winter v. Stronghold Digital Mining, Inc.*, --- F.Supp.3d ——, ——, 2023 WL 5152177, at *7 (S.D.N.Y. Aug. 10, 2023) (collecting cases).[1] These cases do not help defendants here, because there is no question that the internal control deficiencies existed at the time of the offering and could have been discovered (as they subsequently were by the company's internal review).

*Missfresh*, 2023 WL 7289750, at *9 (emphasis in original).

Thus, *Missfresh*, like *Winter*, refutes Defendants' argument that "Tuya had no duty to disclose information that was not known or knowable at the time of the IPO," ECF No. 64 at 16, because Tuya's customers' fake-review scheme was ***ongoing at the time of the IPO***. *See* ECF No. 66 at 12.

Respectfully submitted,

*/s/ Alan I. Ellman*

ALAN I. ELLMAN

cc:    All Counsel of Record (via ECF)

---

[1] Plaintiffs previously filed a notice of recent authority bringing Judge Abrams' *Winter* opinion to the Court's attention. ECF No. 83.