UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

XIAOMENG LIAN, Individually and on Behalf : Civil Action No. 1:22-cv-06792
of All Others Similarly Situated,                          :
                                                           : <u>CLASS ACTION</u>
                  Plaintiff,                          :
                                                           :
          vs                                     :
                                                           :
TUYA INC., XUEJI (JERRY) WANG,                             :
LIAOHAN (LEO) CHEN, YI (ALEX) YANG,   :
YAO (JESSIE) LIU, SCOTT SANDELL,                          :
CARMEN CHANG, JEFF IMMELT, QING       :
GAO, JING HONG, MORGAN STANLEY &      :
CO. LLC, BofA SECURITIES, INC., and                      :
CHINA INTERNATIONAL CAPITAL            :
CORPORATION HONG KONG SECURITIES :
LIMITED,                                                   :
                                                           :
                  Defendants.                      :
                                                           :
                                                           :
                                                           :
                                                           :
                                                           :
                                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**UNDERWRITER DEFENDANTS' ANSWER, DEFENSES, AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants Morgan Stanley & Co. LLC ("Morgan Stanley"), BofA Securities, Inc. ("BofA"), and China International Capital Corporation Hong Kong Securities Limited ("CICC") (collectively, the "Underwriter Defendants"), by their undersigned counsel, hereby answer the Amended Class Action Complaint for Violations of the Federal Securities Laws, dated March 2, 2023 (the "Amended Complaint").

In responding to the allegations of the Amended Complaint, the Underwriter Defendants: (i) incorporate into each such response a denial of all allegations in the Amended Complaint (including those outside of the knowledge or information of the Underwriter Defendants) to the extent that they assert or suggest that the March 17, 2021 Registration Statement ("Registration Statement") was false or misleading in any respect, or to the extent that they assert any factual allegations that are inconsistent with or contrary to the Registration Statement, to which the Underwriter Defendants respectfully refer the Court for a complete and accurate account of its contents; (ii) deny any averments in the headings and subheadings of the Amended Complaint; and (iii) in all events intend to respond only as to allegations directed at each of them individually, and none of the responses should be deemed to be responding to allegations that are directed solely to other defendants (including without limitation other (but not all) Underwriter Defendants).

The Underwriter Defendants respond to the specific allegations in the Amended Complaint as follows:

1.      The Underwriter Defendants deny the allegations in Paragraph 1 of the Amended Complaint, except admit that Plaintiffs purport to bring this federal securities action on behalf of a putative class of holders of Tuya ADSs.[*]

---

[*] Unless otherwise defined herein, terms used in this Answer shall have the meanings ascribed to them in the Amended Complaint. The Underwriter Defendants adopt these definitions solely for convenience, and do not concede their accuracy.

2.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Amended Complaint concerning Tuya's current business operations, including the allegations in footnote 1 of the Amended Complaint, except admit that Tuya is based in China and respectfully refer the Court to the Registration Statement for a complete and accurate description of Tuya's business operations at the time of the IPO.

3.      The Underwriter Defendants deny the allegations in Paragraph 3 of the Amended Complaint, except admit that Tuya was founded in 2014 by former directors and employees of Alibaba.

4.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Amended Complaint concerning Tuya's current customers, products, and services, and respectfully refer the Court to the Registration Statement for a complete and accurate description of Tuya's business operations at the time of the IPO.

5.      The Underwriter Defendants deny the allegations in Paragraph 5 of the Amended Complaint concerning Tuya's current customers, and respectfully refer the Court to the Registration Statement for a complete and accurate description of Tuya's business operations at the time of the IPO.

6.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Amended Complaint, and respectfully refer the Court to the referenced article for a complete and accurate account of its contents.

7.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Amended Complaint.

8.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Amended Complaint.

9.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Amended Complaint, including the allegations in footnote 2 of the Amended Complaint.

10.    The Underwriter Defendants deny the allegations in Paragraph 10 of the Amended Complaint, except admit that as set forth in the Registration Statement: (i) Tuya's business had scaled rapidly in recent periods prior to its IPO; (ii) Tuya's revenue grew to $179.9 million in 2020 representing an increase of over 70% over the same period in 2019; (iii) Tuya had over 5,000 customers in 2020; (iv) approximately 204.3 million smart devices were powered by Tuya as of December 31, 2020; (v) Tuya's IoT PaaS has enabled businesses and developers to develop smart devices in more than 1,100 categories sold in over 220 countries and regions globally.  The Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

11.    The Underwriter Defendants deny the allegations in Paragraph 11 of the Amended Complaint and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

12.    The Underwriter Defendants deny the allegations in Paragraph 12 of the Amended Complaint, except admit that Tuya filed a Registration Statement and Prospectus with the SEC in which it offered 43,590,000 ADSs at $21 per share, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

13. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Amended Complaint.

14. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Amended Complaint.

15. The Underwriter Defendants deny the allegations in Paragraph 15 of the Amended Complaint, except admit that on May 13, 2021, Tuya announced its financial results for the first quarter following the IPO, and respectfully refer the Court to Tuya's public disclosures for a complete and accurate account of their contents.

16. The Underwriter Defendants deny the allegations in Paragraph 16 of the Amended Complaint, except admit that (i) the quoted text appears in a transcript of the Tuya Second Quarter 2021 Earnings Conference Call; (ii) Tuya ADSs traded at $12.15 at some point on August 18, 2021; and (iii) Tuya ADSs traded at $10.41 at some point on August 19, 2021. The Underwriter Defendants respectfully refer the Court to the Second Quarter 2021 Earnings Conference Call transcript (ECF No. 65-4) referenced and partially quoted in this Paragraph for a complete and accurate account of its contents. The Underwriter Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Amazon's ban of Chinese brands across thousands of sellers' accounts.

17. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Amended Complaint.

18. The Underwriter Defendants deny the allegations in Paragraph 18 of the Amended Complaint, except admit that (i) Tuya held its Third Quarter 2021 Earnings Conference Call on or about November 23, 2021, and (ii) the quoted text appears in the transcript of the Tuya Third Quarter 2021 Earnings Conference Call. The Underwriter Defendants respectfully refer the Court

to the Third Quarter 2021 Earnings Conference Call transcript (ECF No. 65-5) referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

19.    The Underwriter Defendants deny the allegations in Paragraph 19 of the Amended Complaint, except admit that (i) Tuya held its Fourth Quarter 2021 Earnings Conference Call on or about March 15, 2022, and (ii) the quoted text appears in the transcript of the Tuya Fourth Quarter 2021 Earnings Conference Call.  The Underwriter Defendants respectfully refer the Court to the Fourth Quarter 2021 Earnings Conference Call transcript (ECF No. 65-6) referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

20.    The Underwriter Defendants deny the allegations in Paragraph 20 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Amended Complaint pertaining to the business of VanTop or any other third party.

21.    The Underwriter Defendants deny the allegations in Paragraph 21 of the Amended Complaint, except admit that (i) Tuya held its First Quarter 2022 Earnings Conference Call on or about June 14, 2022, and (ii) the quoted text appears in the transcript of the Tuya First Quarter 2022 Earnings Conference Call.  The Underwriter Defendants respectfully refer the Court to the First Quarter 2022 Earnings Conference Call transcript referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

22.    The allegations in Paragraph 22 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 22 of the Amended Complaint, except admit that Plaintiffs purport to assert the claims described in this Paragraph, and the Underwriter Defendants reserve all of their defenses, rights, and arguments with respect to those claims.

23.     The allegations in Paragraph 23 of the Amended Complaint state legal conclusions to which no response is required.

24.     The allegations in the first sentence of Paragraph 24 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in the first sentence of Paragraph 24 of the Amended Complaint, except admit that Plaintiffs purport to base venue in this District on the statutes cited therein.  The Underwriter Defendants deny the remaining allegations in Paragraph 24 of the Amended Complaint, except admit that (i) certain Underwriter Defendants maintain offices and conduct business in this District; (ii) Tuya's ADSs trade on the NYSE, which is located in this District; and (iii) the Underwriter Defendants served as underwriters for Tuya's IPO, and respectfully refer the Court to the Registration Statement for a complete and accurate description of their role in the IPO and the compensation they received in connection therewith.

25.     The allegations in Paragraph 25 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 25 of the Amended Complaint.

26.     The allegations in Paragraph 26 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants and legal conclusions, and as such, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 26 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiff Kyle Nelson's alleged purchase or acquisition of Tuya ADSs.

27.     The allegations in Paragraph 27 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants and legal conclusions, and as such, no

response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 27 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiff Jiyi Qui's alleged purchase or acquisition of Tuya ADSs.

28.    The allegations in Paragraph 28 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Amended Complaint, except admit that (i) Tuya is a company based in China, and (ii) its ADSs trade on the NYSE.  The Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate description of Tuya's business operations at the time of the IPO.

29.    The allegations in Paragraph 29 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Amended Complaint, except admit that Defendants Wang and Chen held the titles attributed to them in the Registration Statement, and otherwise respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

30.    The allegations in Paragraph 30 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Amended Complaint, except admit that Defendant Chen held the title attributed to him in the Registration

Statement, and otherwise respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

31.    The allegations in Paragraph 31 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Amended Complaint, except admit that Defendant Yang held the title attributed to him in the Registration Statement, and otherwise respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

32.    The allegations in Paragraph 32 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Amended Complaint, except admit that Defendant Liu held the title attributed to her in the Registration Statement, and otherwise respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

33.    The allegations in Paragraph 33 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Amended Complaint, except admit that Defendant Sandell served as a director of the Company at the time of the IPO, and otherwise respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

34.    The allegations in Paragraph 34 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Amended Complaint, except admit that Defendant Chang served as a director of the Company at the time of the IPO, and otherwise respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

35.    The allegations in Paragraph 35 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Amended Complaint, except admit that Defendant Immelt served as a director of the Company immediately upon the effectiveness of the Registration Statement, and otherwise respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

36.    The allegations in Paragraph 36 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Amended Complaint, except admit that Defendant Gao served as a director of the Company immediately upon the effectiveness of the Registration Statement, and otherwise respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

37.    The allegations in Paragraph 37 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required.

To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Amended Complaint, except admit that Defendant Hong served as a director of the Company immediately upon the effectiveness of the Registration Statement, and otherwise respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

38.     The allegations in Paragraph 38 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Amended Complaint and otherwise respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents, including all signatories thereto.  No response is required to Plaintiffs' definition of "Individual Defendants."

39.     The Underwriter Defendants admit the allegations in Paragraph 39 of the Amended Complaint.  No response is required to Plaintiffs' definition of "Underwriter Defendants."

40.     Morgan Stanley denies the allegations in Paragraph 40 of the Amended Complaint, except admits that as set forth in the Registration Statement, (i) it agreed to purchase 21,271,900 Tuya ADSs, and (ii) there was an underwriting discount of $0.84 per ADS.  Morgan Stanley respectfully refers the Court to the Registration Statement for a complete and accurate description of its role in the IPO and the compensation it received in connection therewith.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Amended Complaint.

41.     BofA denies the allegations in Paragraph 41 of the Amended Complaint, except admits that as set forth in the Registration Statement, (i) it agreed to purchase 17,959,100 Tuya

ADSs, and (ii) there was an underwriting discount of $0.84 per ADS. BofA respectfully refers the Court to the Registration Statement for a complete and accurate description of its role in the IPO and the compensation it received in connection therewith. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Amended Complaint.

42.    CICC denies the allegations in Paragraph 42 of the Amended Complaint, except admits that as set forth in the Registration Statement, (i) it agreed to purchase 4,358,800 Tuya ADSs, and (ii) there was an underwriting discount of $0.84 per ADS. CICC respectfully refers the Court to the Registration Statement for a complete and accurate description of its role in the IPO and the compensation it received in connection therewith. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Amended Complaint.

43.    The allegations in Paragraph 43 state legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 43 of the Amended Complaint, except admit that they served as underwriters for Tuya's IPO and respectfully refer the Court to the Registration Statement for a complete and accurate description of their role in the IPO and the compensation they received in connection therewith.

44.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the Amended Complaint, except admit that Tuya was founded in 2014 and is a company based in China, and respectfully refer the Court to the Registration Statement for a complete and accurate account of Tuya's business operations at the time of the IPO.

45. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 of the Amended Complaint concerning Tuya's current products and services and respectfully refer the Court to the Registration Statement for a complete and accurate description of Tuya's business operations at the time of the IPO.

46. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 of the Amended Complaint concerning Tuya's current customers and end users and respectfully refer the Court to the Registration Statement for a complete and accurate description of Tuya's business operations at the time of the IPO.

47. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 of the Amended Complaint concerning Tuya's current revenue sources and respectfully refer the Court to the Registration Statement for a complete and accurate description of Tuya's business operations at the time of the IPO.

48. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 of the Amended Complaint concerning Tuya's current business indicators, offerings, or operations, and respectfully refer the Court to the Registration Statement for a complete and accurate description of Tuya's business operations at the time of the IPO.

49. The Underwriter Defendants deny the allegations in Paragraph 49 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and

respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

50.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Amended Complaint concerning Tuya's current revenue sources and respectfully refer the Court to the Registration Statement for a complete and accurate description of Tuya's business operations at the time of the IPO.

51.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 of the Amended Complaint concerning Tuya's current revenue sources and respectfully refer the Court to the Registration Statement for a complete and accurate description of Tuya's business operations at the time of the IPO.

52.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 of the Amended Complaint and respectfully refer the Court to the Registration Statement for a complete and accurate description of Tuya's business operations at the time of the IPO.

53.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 of the Amended Complaint and respectfully refer the Court to the materials referenced in this Paragraph for a complete and accurate account of their contents.

54.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 of the Amended Complaint.

55. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Amended Complaint.

56. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Amended Complaint.

57. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the Amended Complaint and respectfully refer the Court to the referenced article for a complete and accurate account of its contents.

58. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 of the Amended Complaint and respectfully refer the Court to the referenced study for a complete and accurate account of its contents.

59. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 of the Amended Complaint.

60. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 of the Amended Complaint and respectfully refer the Court to the referenced consumer website report for a complete and accurate account of its contents.

61. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 of the Amended Complaint and respectfully refer the Court to the referenced article for a complete and accurate account of its contents.

62.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 of the Amended Complaint and respectfully refer the Court to the materials referenced in this Paragraph for a complete and accurate account of their contents.

63.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 of the Amended Complaint and respectfully refer the Court to the referenced report for a complete and accurate account of its contents.

64.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 of the Amended Complaint and respectfully refer the Court to the referenced materials for a complete and accurate account of their contents.

65.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 of the Amended Complaint.

66.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 of the Amended Complaint and respectfully refer the Court to the referenced consumer website report for a complete and accurate account of its contents.

67.     The Underwriter Defendants admit the allegations in Paragraph 67 of the Amended Complaint.

68.     The Underwriter Defendants deny the allegations in Paragraph 68 of the Amended Complaint, except admit that as set forth in the Registration Statement: (i) Tuya reported a net loss of $70.5 million and $66.9 million in 2019 and 2020, respectively; (ii) as of December 31, 2020,

-15-

Tuya had an accumulated deficit of $192.5 million; and (iii) the partially quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

69.     The Underwriter Defendants deny the allegations in Paragraph 69 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

70.     The Underwriter Defendants deny the allegations in Paragraph 70 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

71.     The Underwriter Defendants deny the allegations in Paragraph 71 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

72.     The Underwriter Defendants deny the allegations in Paragraph 72 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

73.     The Underwriter Defendants deny the allegations in Paragraph 73 of the Amended Complaint, except admit that the partially quoted text appears in the Registration Statement and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

74.     The allegations in Paragraph 74 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 74 of the Amended Complaint.

75.     The Underwriter Defendants deny the allegations in the first sentence of Paragraph 75 of the Amended Complaint.  Morgan Stanley denies the allegations in the latter two sentences of Paragraph 75 of the Amended Complaint, except admits that it published a report dated April 12, 2021, and respectfully refers the Court to that report for a complete and accurate account of its contents.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the latter two sentences of Paragraph 75 of the Amended Complaint.

76.     BofA denies the allegations in Paragraph 76 of the Amended Complaint, except admits that it published a report dated April 12, 2021, and respectfully refers the Court to that report for a complete and accurate account of its contents.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Amended Complaint.

77.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 of the Amended Complaint, except admit that (i) as set forth in the Registration Statement, in connection with the IPO, Tuya offered 43,590,000 ADSs; (ii) as set forth in the Registration Statement, the public offering price was $21 per ADS; and (iii) the Underwriter Defendants exercised their over-allotment option to purchase an additional 1,486,479 ADSs on or about April 20, 2021.  The Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

78.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 of the Amended Complaint and

-17-

respectfully refer the Court to the referenced report for a complete and accurate account of its contents.

79.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 of the Amended Complaint and respectfully refer the Court to the referenced article for a complete and accurate account of its contents.

80.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80 of the Amended Complaint and respectfully refer the Court to the referenced article for a complete and accurate account of its contents.

81.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 of the Amended Complaint and respectfully refer the Court to the referenced article for a complete and accurate account of its contents.

82.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 of the Amended Complaint.

83.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 of the Amended Complaint.

84.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 of the Amended Complaint.

85.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 of the Amended Complaint, including the allegations in footnote 4 of the Amended Complaint.

86. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 of the Amended Complaint, except admit that (i) Tuya issued a press release on May 13, 2021, and (ii) the quoted text appears in that press release. The Underwriter Defendants respectfully refer the Court to the press release referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

87. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87 of the Amended Complaint and respectfully refer the Court to the referenced report for a complete and accurate account of its contents.

88. The Underwriter Defendants deny the allegations in Paragraph 88 of the Amended Complaint, except admit that Tuya issued a press release on August 18, 2021 and respectfully refer the Court to the press release referenced in this Paragraph for a complete and accurate account of its contents.

89. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89 of the Amended Complaint, except admit that (i) Tuya issued a press release on August 18, 2021, and (ii) the quoted text appears in that press release. The Underwriter Defendants respectfully refer the Court to the press release referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

90. The Underwriter Defendants deny the allegations in Paragraph 90 of the Amended Complaint, except admit that (i) Tuya held its Second Quarter 2021 Earnings Conference Call on or about August 18, 2021, and (ii) the quoted text appears in the transcript of Second Quarter 2021

Earnings Conference Call. The Underwriter Defendants respectfully refer the Court to the transcript of the Second Quarter 2021 Earnings Conference Call (ECF No. 65-4) referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

91. The Underwriter Defendants deny the allegations in Paragraph 91 of the Amended Complaint, except admit that (i) Tuya held its Second Quarter 2021 Earnings Conference Call on or about August 18, 2021, and (ii) the quoted text appears in the transcript of Second Quarter 2021 Earnings Conference Call. The Underwriter Defendants respectfully refer the Court to the Second Quarter 2021 Earnings Conference Call transcript (ECF No. 65-4) referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

92. The Underwriter Defendants deny the allegations in Paragraph 92 of the Amended Complaint, except admit that (i) Tuya held its Fourth Quarter 2021 Earnings Conference Call on or about March 15, 2022, and (ii) the quoted text appears in the transcript of the Fourth Quarter 2021 Earnings Conference Call. The Underwriter Defendants respectfully refer the Court to the Fourth Quarter 2021 Earnings Conference Call transcript (ECF No. 65-6) referenced and partially quoted in this Paragraph for a complete and accurate account of its contents. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Tuya's revenue estimations from unnamed analysts.

93. Morgan Stanley denies the allegations in Paragraph 93 of the Amended Complaint, except admits that it published a report dated August 18, 2021, and respectfully refers the Court to that report for a complete and accurate account of its contents. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93 of the Amended Complaint.

94.     BofA denies the allegations in Paragraph 94 of the Amended Complaint, except admits that it published a report dated August 18, 2021, and respectfully refers the Court to that report for a complete and accurate account of its contents.  The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 of the Amended Complaint.

95.     The Underwriter Defendants deny the allegations in Paragraph 95 of the Amended Complaint, except admit that Tuya ADSs traded at $12.15 at some point on August 18, 2021, and at $10.41 at some point on August 19, 2021.

96.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 of the Amended Complaint.

97.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 of the Amended Complaint and respectfully refer the Court to the referenced article for a complete and accurate account of its contents.

98.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 of the Amended Complaint and respectfully refer the Court to the referenced article for a complete and accurate account of its contents.

99.     The Underwriter Defendants deny the allegations in Paragraph 99 of the Amended Complaint, except admit that (i) Tuya made certain filings with the SEC, and respectfully refer the Court to those filings for a complete and accurate account of their contents, and (ii) Tuya held its Third Quarter 2021 Earnings Conference Call on or about November 23, 2021, and respectfully refer the Court to the transcript of the Third Quarter 2021 Earnings Conference Call  (ECF No. 65-

5) referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

100. The Underwriter Defendants deny the allegations in Paragraph 100 of the Amended Complaint, except admit that the quoted text appears in the transcript of the Third Quarter 2021 Earnings Conference Call (ECF No. 65-5), and respectfully refer the Court to the transcript referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

101. The Underwriter Defendants deny the allegations in Paragraph 101 of the Amended Complaint, except admit that Tuya ADSs traded at $4.99 at some point on November 23, 2021.

102. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 of the Amended Complaint and respectfully refer the Court to the referenced article for a complete and accurate account of its contents.

103. The Underwriter Defendants deny the allegations in Paragraph 103 of the Amended Complaint, except admit that Tuya issued a press release on March 14, 2022, and respectfully refer the Court to the press release referenced in this Paragraph for a complete and accurate account of its contents.

104. The Underwriter Defendants deny the allegations in Paragraph 104 of the Amended Complaint, except admit that (i) Tuya held its Fourth Quarter 2021 Earnings Conference Call on or about March 15, 2022, and (ii) the quoted text appears in the transcript of the Fourth Quarter 2021 Earnings Conference Call, and respectfully refer the Court to the transcript of the Fourth Quarter 2021 Earnings Conference Call (ECF No. 65-6) referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

105.   The Underwriter Defendants deny the allegations in Paragraph 105 of the Amended Complaint, except admit that Tuya held its Fourth Quarter 2021 Earnings Conference Call on or about March 15, 2022, and respectfully refer the Court to the transcript of the Fourth Quarter 2021 Earnings Conference Call (ECF No. 65-6) for a complete and accurate account of its contents.

106.   The Underwriter Defendants deny the allegations in Paragraph 106 of the Amended Complaint, except admit that Tuya ADSs traded at $1.99 at some point on March 15, 2022.

107.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 107 of the Amended Complaint.   Morgan Stanley denies the allegations in the latter two sentences of Paragraph 107 of the Amended Complaint, except admits that (i) it published a report dated March 15, 2022, and (ii) the quoted text appears in that report, and respectfully refers the Court to the report referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.   The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the latter two sentences of Paragraph 107 of the Amended Complaint.

108.   The Underwriter Defendants deny the allegations in Paragraph 108 of the Amended Complaint, except admit that Tuya issued a press release on June 14, 2022, and respectfully refer the Court to the press release referenced in this Paragraph for a complete and accurate account of its contents.

109.   The Underwriter Defendants deny the allegations in Paragraph 109 of the Amended Complaint, except admit that (i) Tuya held its First Quarter 2022 Earnings Conference Call on or about June 14, 2022, and (ii) the quoted text appears in the transcript of the First Quarter 2022

Earnings Conference Call, and respectfully refer the Court to the transcript referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

110.    The Underwriter Defendants deny the allegations in Paragraph 110 of the Amended Complaint, except admit that the quoted text appears in the transcript of the First Quarter 2022 Earnings Conference Call, and respectfully refer the Court to the transcript referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

111.    The Underwriter Defendants deny the allegations in Paragraph 111 of the Amended Complaint, except admit that the quoted text appears in the transcript of the First Quarter 2022 Earnings Conference Call, and respectfully refer the Court to the transcript referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

112.    The Underwriter Defendants deny the allegations in Paragraph 112 of the Amended Complaint, except admit that Tuya ADSs traded at $2.42 at some point on June 15, 2022.

113.    The Underwriter Defendants deny the allegations in Paragraph 113 of the Amended Complaint, except admit that Tuya ADSs have traded at less than $2 per share.

114.    The allegations in Paragraph 114 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 114 of the Amended Complaint and respectfully refer the Court to the cited authorities for a complete and accurate account of their contents.

115.    The allegations in Paragraph 115 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 115 of the Amended Complaint.

116.    The allegations in Paragraph 116 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter

Defendants deny the allegations in Paragraph 116 of the Amended Complaint and respectfully refer the Court to the cited authorities for a complete and accurate account of their contents.

117. The allegations in Paragraph 117 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 117 of the Amended Complaint and respectfully refer the Court to the cited authorities for a complete and accurate account of their contents.

118. The allegations in Paragraph 118 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 118 of the Amended Complaint and respectfully refer the Court to the cited authorities for a complete and accurate account of their contents.

119. The allegations in Paragraph 119 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 119 of the Amended Complaint and respectfully refer the Court to the cited authorities for a complete and accurate account of their contents.

120. The allegations in Paragraph 120 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 120 of the Amended Complaint and respectfully refer the Court to the cited authorities for a complete and accurate account of their contents.

121. The allegations in Paragraph 121 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 121 of the Amended Complaint.

122. The allegations in Paragraph 122 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Underwriter

Defendants deny the allegations in Paragraph 122 of the Amended Complaint and respectfully refer the Court to the cited authorities for a complete and accurate account of their contents.

123.    The allegations in Paragraph 123 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 123 of the Amended Complaint.

124.    The Underwriter Defendants deny the allegations in Paragraph 124 of the Amended Complaint.

125.    The Underwriter Defendants deny the allegations in Paragraph 125 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

126.    The Underwriter Defendants deny the allegations in Paragraph 126 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

127.    The Underwriter Defendants deny the allegations in Paragraph 127 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

128.    The allegations in Paragraph 128 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 128 of the Amended Complaint.

129.     The Underwriter Defendants deny the allegations in Paragraph 129 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

130.     The Underwriter Defendants deny the allegations in Paragraph 130 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

131.     The allegations in Paragraph 131 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 131 of the Amended Complaint.

132.     The Underwriter Defendants deny the allegations in Paragraph 132 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

133.     The allegations in Paragraph 133 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 133 of the Amended Complaint.

134.     The allegations in Paragraph 134 of the Amended Complaint state legal conclusions to which no response is required, and Plaintiffs' claim that the Registration Statement violated Item 303 has been dismissed pursuant to the Court's March 5, 2024 Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss the Amended Complaint (ECF

No. 122, the "March 5 Order"). To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 134 of the Amended Complaint.

135. The allegations in Paragraph 135 of the Amended Complaint state legal conclusions to which no response is required, and Plaintiffs' claim that the Registration Statement violated Item 105 has been dismissed pursuant to the Court's March 5 Order. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 135 of the Amended Complaint.

136. The Underwriter Defendants deny the allegations in Paragraph 136 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

137. The allegations in Paragraph 137 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 137 of the Amended Complaint.

138. The Underwriter Defendants deny the allegations in Paragraph 138 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

139. The allegations in Paragraph 139 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 139 of the Amended Complaint.

140. The Underwriter Defendants deny the allegations in Paragraph 140 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and

respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

141.    The allegations in Paragraph 141 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 141 of the Amended Complaint.

142.    The Underwriter Defendants deny the allegations in Paragraph 142 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

143.    The allegations in Paragraph 143 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 143 of the Amended Complaint.

144.    The Underwriter Defendants deny the allegations in Paragraph 144 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

145.    The allegations in Paragraph 145 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 145 of the Amended Complaint.

146.    The Underwriter Defendants deny the allegations in Paragraph 146 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

147.    The Underwriter Defendants deny the allegations in Paragraph 147 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

148.    The allegations in Paragraph 148 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 148 of the Amended Complaint.

149.    The Underwriter Defendants deny the allegations in Paragraph 149 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

150.    The allegations in Paragraph 150 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 150 of the Amended Complaint.

151.    The Underwriter Defendants deny the allegations in Paragraph 151 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

152.    The allegations in Paragraph 152 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 152 of the Amended Complaint.

153.    The Underwriter Defendants deny the allegations in Paragraph 153 of the Amended Complaint, except admit that the quoted text appears in the Registration Statement, and

respectfully refer the Court to the Registration Statement for a complete and accurate account of its contents.

154.    The allegations in Paragraph 154 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 154 of the Amended Complaint.

155.    The allegations in Paragraph 155 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations Paragraph 155 of the Amended Complaint, except admit that Plaintiffs purport to describe the nature of this action and the putative class that Plaintiffs purport to represent.

156.    The allegations in Paragraph 156 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 156 of the Amended Complaint, except admit that Tuya ADSs are traded on the NYSE.

157.    The allegations in Paragraph 157 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 157 of the Amended Complaint.

158.    The allegations in Paragraph 158 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 158 of the Amended Complaint.

159.    The allegations in Paragraph 159 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

-31-

in Paragraph 159 of the Amended Complaint, except admit that Plaintiffs purport to describe the basis for bringing this action as a putative class action.

160. The allegations in Paragraph 160 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 160 of the Amended Complaint, except admit that Plaintiffs purport to describe the basis for bringing this action as a putative class action.

161. The allegations in Paragraph 161 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 161 of the Amended Complaint.

162. The Underwriter Defendants repeat and reallege each and every response set forth above as if fully set forth herein.

163. The allegations in Paragraph 163 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 163 of the Amended Complaint.

164. The allegations in Paragraph 164 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 164 of the Amended Complaint.

165. The Underwriter Defendants deny the allegations in Paragraph 165 of the Amended Complaint.

166. The Underwriter Defendants deny the allegations in Paragraph 166 of the Amended Complaint, except admit that they served as underwriters for Tuya's IPO. The Underwriter Defendants respectfully refer the Court to the Registration Statement for the signatories thereto and a complete and accurate description of their role in the IPO.

167.    The Underwriter Defendants deny the allegations in Paragraph 167 of the Amended Complaint.

168.    The allegations in Paragraph 168 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 168 of the Amended Complaint.

169.    The allegations in Paragraph 169 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 169 of the Amended Complaint.

170.    The allegations in Paragraph 170 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 170 of the Amended Complaint.

171.    The Underwriter Defendants repeat and reallege each and every response set forth above as if fully set forth herein.

172.    The allegations in Paragraph 172 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 172 of the Amended Complaint.

173.    The allegations in Paragraph 173 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 173 of the Amended Complaint.

174.    The allegations in Paragraph 174 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required.

To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 174 of the Amended Complaint.

175.    The allegations in Paragraph 175 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 175 of the Amended Complaint.

176.    The allegations in Paragraph 176 of the Amended Complaint state allegations concerning  parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 176 of the Amended Complaint.

177.    The allegations in Paragraph 177 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 177 of the Amended Complaint.

178.    The allegations in Paragraph 178 of the Amended Complaint state allegations concerning parties other than the Underwriter Defendants, and as such, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 178 of the Amended Complaint.

**PLAINTIFFS' PRAYER FOR RELIEF**

A.    The Underwriter Defendants deny that Plaintiffs or putative class members are entitled to any judgment, damages, or relief, and respectfully request that the Court dismiss all claims against the Underwriter Defendants with prejudice and order such further relief as the Court deems just and proper.

-34-

B.      The Underwriter Defendants deny that Plaintiffs or putative class members are entitled to any judgment, damages, or relief, and respectfully request that the Court dismiss all claims against the Underwriter Defendants with prejudice and order such further relief as the Court deems just and proper.

C.      The Underwriter Defendants deny that Plaintiffs or putative class members are entitled to any judgment, damages, or relief, and respectfully request that the Court dismiss all claims against the Underwriter Defendants with prejudice and order such further relief as the Court deems just and proper.

D.      The Underwriter Defendants deny that Plaintiffs or putative class members are entitled to any judgment, damages, or relief, and respectfully request that the Court dismiss all claims against the Underwriter Defendants with prejudice and order such further relief as the Court deems just and proper.

## PLAINTIFFS' JURY TRIAL DEMAND

179.    The allegation in Paragraph 179 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Underwriter Defendants reserve the right to challenge this demand.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters where that burden rests on Plaintiffs, the Underwriter Defendants assert the following affirmative and other defenses to the Amended Complaint.  Use of the term "Plaintiffs" in the defenses refers to the named Plaintiffs in this action and to any member of the putative plaintiff class alleged in the Amended Complaint. The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

## FIRST DEFENSE

### (Failure to State a Cause of Action)

The claims asserted against the Underwriter Defendants fail to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND DEFENSE

### (No Actionable or Material Misstatement or Omission)

Plaintiffs' claims are barred, in whole or in part, because when the Registration Statement became effective, they did not contain an untrue statement of material fact or omission of material fact required to be stated or necessary to make any statements therein not misleading.

## THIRD DEFENSE

### (Opinion)

Plaintiffs' claims are barred, in whole or in part, because the allegedly untrue statements of material fact and/or omissions are non-actionable statements of opinion.

## FOURTH DEFENSE

### (Bespeaks Caution)

Plaintiffs' claims are barred, in whole or in part, because the allegedly untrue statements of material fact and/or omissions were forward-looking statements and/or contained adequate cautionary language and risk disclosures.

## FIFTH DEFENSE

### (Due Diligence)

Plaintiffs' claims are barred, in whole or in part, because the Underwriter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, that at the time the Registration Statement became effective, the statements therein were true.

## SIXTH DEFENSE

### (Reasonable Reliance)

Plaintiffs' claims are barred, in whole or in part, because at all relevant times the Underwriter Defendants relied in good faith on the work, opinion, information, representations, reports, and advice of other persons and/or entities on which the Underwriter Defendants were entitled to rely.

## SEVENTH DEFENSE

### (Lack of Standing)

Plaintiffs' claims are barred, in whole or in part, because some or all of the putative class members do not have standing to bring the causes of action alleged in the Amended Complaint.

## EIGHTH DEFENSE

### (Knowledge)

Plaintiffs' claims of alleged misrepresentations and omissions, which are denied, are barred to the extent any allegedly misstated facts or omissions were known to Plaintiffs.

## NINTH DEFENSE

### (Assumption of Risk)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knew of the risks associated with investing in Tuya securities, and thus assumed the risk that the value of Tuya securities would decline if such risks materialized.

## TENTH DEFENSE

### (Truth on the Market)

Plaintiffs' claims are barred, in whole or in part, because some or all of the matters now alleged to be the subject of false and/or misleading statements or omissions were publicly disclosed

-37-

and available to Plaintiffs and to the marketplace at large and thus at all times reflected in the price of Tuya's securities.

## ELEVENTH DEFENSE

### (Negative Causation)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed damages are attributable to causes other than the alleged depreciation in value that Plaintiffs claim resulted from the Registration Statement supposedly containing untrue statements or omitting material facts required to be stated therein or necessary to make the statements therein not misleading.

## TWELFTH DEFENSE

### (Transaction Causation)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs would have made the purchases alleged in the Amended Complaint even with full knowledge of the purported untruths in, and facts allegedly misleadingly omitted from, the Registration Statement.

## THIRTEENTH DEFENSE

### (Putative Class Not Certifiable)

Plaintiffs' claims are barred, in whole or in part, because the putative class is not certifiable under Fed. R. Civ. P. 23.

## FOURTEENTH DEFENSE

### (Damages Not Authorized by Statute)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages in excess of those authorized by applicable statute.

## FIFTEENTH DEFENSE

### (Damages Speculative)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, are speculative and thus not recoverable.

## SIXTEENTH DEFENSE

### (Action without Merit)

Plaintiffs' claims are barred, in whole or in part, because they are "without merit" within the meaning of the last sentence of Section 11(e) of the 1933 Act. The Underwriter Defendants also reserve the right to assert an affirmative claim against Plaintiffs on this basis.

## SEVENTEENTH DEFENSE

### (Failure to Mitigate)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Amended Complaint, and thereby are barred from recovering any damages that might reasonably have been avoided.

## EIGHTEENTH DEFENSE

### (Superseding or Intervening Events)

Plaintiffs' claims are barred, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

## NINTEENTH DEFENSE

### (Market Factors)

Plaintiffs' claims are barred, in whole or in part, because any increase or decrease in the value of Tuya securities was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by the Underwriter Defendants.

## TWENTIETH DEFENSE

### (Good Faith)

Plaintiffs' claims are barred, in whole or in part, because at all relevant times the Underwriter Defendants acted in good faith, including by acting in conformity with the law and rules and regulations of the SEC.

## TWENTY-FIRST DEFENSE

### (Reasonable Reliance on Experts)

Plaintiffs' claims are barred, in whole or in part, because with respect to portions of the Registration Statement purported to be made on the authority of experts (other than the Underwriter Defendants), or purporting to be a copy of or extract from a report or valuation of an expert (other than the Underwriter Defendants), the Underwriter Defendants had no reasonable grounds to believe and did not believe, at the time such part of the Registration Statement became effective, the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make statements therein not misleading, or that such part of the Registration Statement did not fairly represent the statement of the expert or was not a fair copy or extract from the expert's report or valuation as an expert.

## TWENTY-SECOND DEFENSE

### (Comparative Fault and/or Contributory Negligence)

Plaintiffs' claims are barred, in whole or in part, by the actions, omissions, and/or comparative fault and contributory negligence of Plaintiffs or other third parties, including the failure to undertake their own diligence.

## TWENTY-THIRD DEFENSE

### (Equitable Doctrines)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, and other related equitable defenses.

## TWENTY-FOURTH DEFENSE

### (No Duty to Disclose the Alleged Omissions)

Plaintiffs' claims are barred, in whole or in part, because at all relevant times the Underwriter Defendants had no duty to disclose any information that the Amended Complaint alleges was omitted from the Registration Statement, to the extent that such information existed at the time the Registration Statement was filed or became effective.

## TWENTY-FIFTH DEFENSE

### (General Statement of Optimism or Puffery)

Plaintiffs' claims are barred, in whole or in part, because some or all of the purported misstatements or omissions alleged in the Amended Complaint reflect or pertain to nonactionable statements of corporate optimism or puffery.

## TWENTY-SIXTH DEFENSE

### (Incorporation by Reference)

The Underwriter Defendants adopt by reference any applicable defense pled by any other defendant not expressly set forth herein.

## TWENTY-SEVENTH DEFENSE

### (Contribution and Indemnification)

Plaintiffs' claims against the Underwriter Defendants are barred, in whole or in part, because the Underwriter Defendants are entitled to recover contribution and/or indemnity from others for any liability they incur.

WHEREFORE the Underwriter Defendants respectfully request judgment dismissing the

Amended Complaint and other, further, and different relief as the Court deems just and proper.

Dated: April 25, 2024
New York, NY

Respectfully submitted,

ROPES & GRAY LLP

/s/ *Gregg L. Weiner*

Gregg L. Weiner
Andrew S. Todres
Elana Stern
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Fax: (212) 596-9090
gregg.weiner@ropesgray.com
andrew.todres@ropesgray.com
elana.stern@ropesgray.com

*Counsel for Defendants Morgan Stanley & Co. LLC, BofA Securities, Inc., and China International Capital Corporation Hong Kong Securities Limited*

-42-