**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XIAOMENG LIAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>TUYA INC., XUEJI (JERRY) WANG, LIAOHAN (LEO) CHEN, YI (ALEX) YANG, YAO (JESSIE) LIU, SCOTT SANDELL, CARMEN CHANG, JEFF IMMELT, QING GAO, JING HONG, MORGAN STANLEY & CO. LLC, BofA SECURITIES, INC., and CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED,<br><br>Defendants. | Civil Action No. 1:22-cv-06792-JPC-RFT |

**THE TUYA DEFENDANTS' ANSWER**

Defendant Tuya, Inc. ("Tuya"), together with Defendants Yi (Alex) Yang, Xueji (Jerry) Wang, Liaohan (Leo) Chen, Yao (Jessie) Liu, Scott Sandell, Carmen Chang, Jeff Immelt, Qing Gao, and Jing Hong (collectively, the "Individual Defendants" and, together with Tuya, the "Tuya Defendants"), for their answer to the amended complaint (Dkt. No. 56) (the "Amended Complaint"):

Deny the non-numbered paragraph at the outset of the Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of any allegations concerning the basis for Plaintiffs' beliefs.

1.      Deny Paragraph 1, except admit that Plaintiffs seek to bring claims under the Securities Act of 1933 (the "Securities Act").

2.      Admit Paragraph 2.

3.      Deny Paragraph 3, except admit that Tuya was founded in 2014 by former directors and employees of Alibaba.

4.      Admit Paragraph 4.

5.      Deny Paragraph 5, except admit that some of Tuya's customers use e-commerce platforms to sell their products and that in 2021, China's cross-border e-commerce brands accounted for approximately 30% of the sales of products powered by Tuya.

6.      Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 6.

7.      Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 7.

8.      Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 8.

9.      Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 9.

10.      Deny Paragraph 10, except admit that Tuya's business had scaled rapidly in recent periods prior to its initial public offering ("IPO"); that Tuya filed a Registration Statement and Prospectus with the Securities Exchange Commission ("SEC") (the "Registration Statement"); that Tuya's revenue grew to $179.9 million in 2020 representing an increase of over 70% over the same period in 2019; that it had over 5,000 customers in 2020; that approximately 204.3 million smart devices were powered by Tuya as of December 31, 2020; and that Tuya's "Internet of Things" ("IoT") Platform-as-a-Service ("PaaS") has enabled businesses and developers to develop smart devices in more than 1,100 categories sold in over 220 countries and regions globally, and respectfully refer the Court to the Registration Statement for its contents.

11.    Deny Paragraph 11 and respectfully refer the Court to the Registration Statement for its contents.

12.    Deny Paragraph 12, except admit that Tuya filed the Registration Statement with the SEC, pursuant to which it offered American Depository Shares ("ADSs") at $21 per share, and respectfully refer the Court to the Registration Statement for its contents.

13.    Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 13, except deny that Aukey Technology Co. Ltd. ("Aukey") was a "major customer" of Tuya.

14.    Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 14, except deny that Zebao Innovation Technology Co., Ltd. ("Zebao") was a Tuya customer, and admit that Shenzhen VanTop Technology & Innovation Co. Ltd. ("VanTop") and Shenzhen Apeman Innovation Technology Co. Ltd. ("Apeman") were Tuya customers.

15.    Deny Paragraph 15, except admit that Tuya announced its unaudited financial results for the first quarter following its IPO on May 13, 2021.

16.    Deny Paragraph 16, except deny knowledge or information sufficient to form a belief as to the truth of the allegations about Amazon's actions.

17.    Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 17.

18.    Deny Paragraph 18, except admit that Tuya conducted an earnings call on or about November 22, 2021, and respectfully refer the Court to the transcript of such earnings call for its contents.

19.     Deny Paragraph 19, except admit that Tuya conducted an earnings call on or about March 14, 2022, and respectfully refer the Court to the transcript of such earnings call for its contents.

20.     Deny Paragraph 20, except deny knowledge or information sufficient to form a belief as to the truth of the allegations about the business of VanTop or any other third party.

21.     Deny Paragraph 21, except admit that Tuya conducted an earnings call on or about June 14, 2022, and respectfully refer the Court to the transcript of such earnings call for its contents.

22.     Deny Paragraph 22, except admit that Plaintiffs seek to bring claims under Sections 11 and 15 of the Securities Act.

23.     Paragraph 23 purports to state conclusions of law to which no response is required.

24.     Paragraph 24 purports to state conclusions of law to which no response is required.  To the extent a response is required, deny paragraph 24, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Underwriter Defendants'[1] operations or businesses and admit that Tuya's IPO resulted in its ADSs trading on the New York Stock Exchange ("NYSE").

25.     Deny Paragraph 25 to the extent it purports to allege any acts, transactions or conduct of the Tuya Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the statements regarding other defendants' acts, transactions, and conduct.

---

[1] The "Underwriter Defendants" are Morgan Stanley & Co. LLC ("Morgan Stanley"), BofA Securities, Inc. ("BofA") and China International Capital Corporation Hong Kong Securities Limited ("CIC").

26. Deny Paragraph 26, except deny knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff Kyle Nelson's alleged purchase(s) of Tuya ADSs.

27. Deny Paragraph 26, except deny knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff Jiyi Qiu's alleged purchase(s) of Tuya ADSs.

28. Admit Paragraph 28.

29. Deny that Xueji (Jerry) Wang and Liaohan (Leo) Chen controlled 83.7% of the total voting power of Tuya's voting shares immediately following Tuya's IPO, and otherwise admit Paragraph 29.

30. Admit Paragraph 30.

31. Admit Paragraph 31.

32. Admit Paragraph 32.

33. Admit Paragraph 33.

34. Admit Paragraph 34.

35. Admit Paragraph 35.

36. Deny that Qing Gao serves as a partner managing director at China International Capital Corporation Limited, and otherwise admit Paragraph 36.

37. Admit Paragraph 37.

38. Paragraph 38 purports to define a term, to which no response is required. To the extent a response is required, deny Paragraph 38, except admit that certain Individual Defendants signed or were listed with their consent in the Registration Statement.

39.    Paragraph 39 purports to define a term, to which no response is required.  To the extent a response is required, admit that Morgan Stanley, BofA, and CIC served as underwriters for and acted as joint bookrunners of Tuya's IPO.

40.    The Tuya Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 40, except admit that Morgan Stanley agreed to purchase 21,271,900 ADSs in Tuya's IPO, exclusive of options to purchase additional Tuya ADSs, and that there was an underwriting discount of $0.84 per ADS.

41.    The Tuya Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 41, except admit that BofA agreed to purchase 17,959,100 ADSs in Tuya's IPO, exclusive of options to purchase additional Tuya ADSs, and that there was an underwriting discount of $0.84 per ADS.

42.    The Tuya Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 42, except admit that CIC agreed to purchase 4,358,800 ADSs in Tuya's IPO, exclusive of options to purchase additional Tuya ADSs, and that there was an underwriting discount of $0.84 per ADS.

43.    Paragraph 43 purports to state conclusions of law to which no response is required.  To the extent a response is required, deny Paragraph 43, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 concerning the Underwriter Defendants' actions, except admit that the Underwriter Defendants served as underwriters for Tuya's IPO, and respectfully refer the Court to the Registration Statement for a complete description of their role in Tuya's IPO and the compensation they received in connection therewith.

44.    Admit Paragraph 44.

45.     Deny Paragraph 45, except admit that Tuya offers three categories of products and services: PaaS, smart device distribution, and software-as-a-service ("SaaS"), and that Tuya's proprietary products and services enable so-called "smart devices," e.g., household items and appliances connected to the internet, to communicate and interact with end users and online information and services.

46.     Deny Paragraph 46, except admit that Tuya's customers include brands, original equipment manufacturers ("OEMs"), industry operators, and system integrators; that its customers span a broad range of industries; and that products containing its technology are primarily manufactured and sold by third parties.

47.     Deny Paragraph 47, except admit that Tuya's IoT PaaS segment comprises a portion of its revenue.

48.     Admit Paragraph 48.

49.     Deny Paragraph 49, and otherwise respectfully refer the Court to the Registration Statement for its contents.

50.     Admit Paragraph 50.

51.     Admit Paragraph 51.

52.     Deny Paragraph 52, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to Tuya customers and Chinese cross-border e-commerce merchants.

53.     Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 53.

54.     Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 54.

55. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 55.

56. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 56.

57. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 57.

58. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 58.

59. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 59.

60. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 60.

61. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 61.

62. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 62.

63. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 63.

64. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 64.

65. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 65.

66. Deny knowledge or information sufficient to form a belief as to Paragraph 60.

67.    Admit Paragraph 67.

68.    Deny Paragraph 68, except admit Tuya reported a net loss of $70.5 million and $66.9 million in 2019 and 2020, respectively, as of December 31, 2020 had an accumulated deficit of $192.5 million, stated in its Registration Statement that "[w]e have a history of net losses and may not be able to achieve or sustain profitability in the future," and otherwise respectfully refer the Court to the Registration Statement for its contents.

69.    Deny Paragraph 69 and respectfully refer the Court to the Registration Statement for its contents.

70.    Deny Paragraph 70 and respectfully refer the Court to the Registration Statement for its contents.

71.    Deny Paragraph 71 and respectfully refer the Court to the Registration Statement for its contents.

72.    Deny Paragraph 72 and respectfully refer the Court to the Registration Statement for its contents.

73.    Deny Paragraph 73 and respectfully refer the Court to the Registration Statement for its contents.

74.    Deny Paragraph 74.

75.    Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 75, except admit that Morgan Stanley published a report on or about April 12, 2021, and respectfully refer the Court to its contents.

76.    Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 76, except admit that BofA published a report on or about April 12, 2021, and respectfully refer the Court to its contents.

77.     Deny that Tuya offered 43.6 million ADSs in connection with the IPO, deny knowledge or information sufficient to form a belief as to the truth of the statement that Tuya's IPO was "the largest IPO of a Chinese technology company to list in the U.S. that year," and otherwise admit Paragraph 77.

78.     Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 78, except admit that Safety Detectives released a report on or about May 6, 2021, and respectfully refer the Court to its contents.

79.     Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 79.

80.     Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 80.

81.     Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 81.

82.     Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 82, except deny that Aukey was a "major e-commerce customer" of Tuya.

83.     Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 83, except admit VanTop is a Tuya customer.

84.     Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 84, except admit ApeMan is a Tuya customer.

85.     Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 85, except deny Zebao is a Tuya customer.

86.     Deny Paragraph 86, except admit that Tuya issued a press release on May 13, 2021, and respectfully refer the Court to the press release for its contents.

87. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 87.

88. Deny Paragraph 88, except admit that Tuya issued a press release on or about August 18, 2021, and respectfully refer the Court to its contents.

89. Admit Paragraph 89.

90. Deny Paragraph 90, except admit that Tuya held an earnings call on August 18, 2021 (the "Q2 2021 Call") and respectfully refer the Court to the Q2 2021 Call Transcript for its contents.

91. Deny Paragraph 91, and respectfully refer the Court to the Q2 2021 Call Transcript for its contents.

92. Deny Paragraph 92, except deny knowledge or information sufficient to form a belief as to the truth of allegations concerning unnamed analysts, admit that Tuya held its Q4 2021 Call on March 14, 2022 (the "Q4 2021 Call"), and respectfully refer the Court to the Q4 2021 Call Transcript for its contents.

93. Deny Paragraph 93, except admit that Morgan Stanley published a report on or about August 18, 2021 and respectfully refer the Court to its contents.

94. Deny Paragraph 94, except admit that BofA Global Research published a report on or about August 18, 2021 and respectfully refer the Court to its contents.

95. Deny Paragraph 95.

96. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 96.

97. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 97.

11

98.     Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 98.

99.     Deny Paragraph 99, except admit that Tuya filed a form 6-K with the SEC on November 22, 2021, and held a conference call the same day and respectfully refer the Court to the 6-K and Q3 2021 Call Transcript for their contents.

100.    Deny Paragraph 100, and respectfully refer the Court to the Q3 2021 Call Transcript for its contents.

101.    Deny Paragraph 101.

102.    Deny Paragraph 102, except admit that Maimai and Zhengguan News published allegations concerning Tuya, the accuracy of which is denied.

103.    Admit Paragraph 103.

104.    Deny Paragraph 104, and respectfully refer the Court to the Q4 2021 Call Transcript for its contents.

105.    Deny Paragraph 105, and respectfully refer the Court to the Q4 2021 Call Transcript for its contents.

106.    Deny Paragraph 106.

107.    Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 107, except admit that Morgan Stanley published a report on or about March 15, 2022 and respectfully refer the Court to its contents.

108.    Admit Paragraph 108.

109.    Deny Paragraph 109, and respectfully refer the Court to the Q1 2022 Call Transcript for its contents.

12

110. Deny Paragraph 110, and respectfully refer the Court to the Q1 2022 Call Transcript for its contents.

111. Deny Paragraph 91, and respectfully refer the Court to the Q1 2022 Call Transcript for its contents.

112. Deny Paragraph 112, except admit that Tuya's ADS price closed at approximately $2.42 per share on June 15, 2022.

113. Deny Paragraph 113.

114. Paragraph 114 purports to state conclusions of law to which no response is required. To the extent a response is required, deny that the Securities Act requires disclosure of all material information and respectfully refer the Court to the cited cases for their contents.

115. Deny Paragraph 115.

116. Paragraph 116 purports to state conclusions of law to which no response is required. To the extent a response is required, deny Paragraph 116, and respectfully refer the Court to the cited statute for its contents.

117. Paragraph 117 purports to state conclusions of law to which no response is required. To the extent a response is required, deny Paragraph 117, and respectfully refer the Court to the cited regulations for their content. To the extent Paragraph 117 contains allegations related to theories of liability under Item 303 of Regulation S-K, Lead Plaintiffs' Item 303 claims have been dismissed, and no response is required.

118. Paragraph 118 purports to state conclusions of law to which no response is required. To the extent a response is required, deny Paragraph 118, and respectfully refer the Court to the cited regulations for their content. To the extent Paragraph 118 contains allegations

13

related to theories of liability under Item 303 of Regulation S-K, Lead Plaintiffs' Item 303 claims have been dismissed, and no response is required.

119.    Paragraph 119 purports to state conclusions of law to which no response is required.  To the extent a response is required, deny Paragraph 119, and respectfully refer the Court to the cited release for its content.  To the extent Paragraph 119 contains allegations related to theories of liability under Item 303 of Regulation S-K, Lead Plaintiffs' Item 303 claims have been dismissed, and no response is required.

120.    Paragraph 120 purports to state conclusions of law to which no response is required.  To the extent a response is required, deny Paragraph 120 and respectfully refer the Court to the cited releases for their contents.  To the extent Paragraph 120 contains allegations related to theories of liability under Item 303 of Regulation S-K, Lead Plaintiffs' Item 303 claims have been dismissed, and no response is required.

121.    Deny Paragraph 121.  To the extent Paragraph 121 contains allegations related to theories of liability under Item 303 of Regulation S-K, Lead Plaintiffs' Item 303 claims have been dismissed, and no response is required.

122.    Paragraph 122 purports to state conclusions of law to which no response is required.  To the extent a response is required, respectfully refer the Court to the cited regulations for their content.  To the extent Paragraph 122 contains allegations related to theories of liability under Item 105 of Regulation S-K, Lead Plaintiffs' Item 105 claims have been dismissed, and no response is required.

123.    Deny Paragraph 123.  To the extent Paragraph 122 contains allegations related to theories of liability under Item 105 of Regulation S-K, Lead Plaintiffs' Item 105 claims have been dismissed, and no response is required.

124.    Deny Paragraph 124.  To the extent Paragraph 124 contains allegations related to theories of liability under Items 303 and 105 of Regulation S-K, Lead Plaintiffs' Item 303 and Item 105 claims have been dismissed, and no response is required.

125.    Deny Paragraph 125 and respectfully refer the Court to the Registration Statement for its contents.

126.    Deny Paragraph 126 and respectfully refer the Court to the Registration Statement for its contents.

127.    Deny Paragraph 127 and respectfully refer the Court to the Registration Statement for its contents.

128.    Deny Paragraph 128.

129.    Deny Paragraph 129 and respectfully refer the Court to the Registration Statement for its contents.

130.    Deny Paragraph 130 and respectfully refer the Court to the Registration Statement for its contents.

131.    Deny Paragraph 131.

132.    Deny Paragraph 132 and respectfully refer the Court to the Registration Statement for its contents.

133.    Deny Paragraph 133.

134.    Deny Paragraph 134.  To the extent Paragraph 134 contains allegations related to theories of liability under Item 303 of Regulation S-K, Lead Plaintiffs' Item 303 claims have been dismissed, and no response is required.

135.    Deny Paragraph 135.  To the extent Paragraph 135 contains allegations related to theories of liability under Item 105 of Regulation S-K, Lead Plaintiffs' Item 105 claims have been dismissed, and no response is required.

136.    Deny Paragraph 136 and respectfully refer the Court to the Registration Statement for its contents.

137.    Deny Paragraph 137.

138.    Deny Paragraph 138 and respectfully refer the Court to the Registration Statement for its contents.

139.    Deny Paragraph 139.

140.    Deny Paragraph 140 and respectfully refer the Court to the Registration Statement for its contents.

141.    Deny Paragraph 141.

142.    Deny Paragraph 142 and respectfully refer the Court to the Registration Statement for its contents.

143.    Deny Paragraph 143.

144.    Deny Paragraph 144 and respectfully refer the Court to the Registration Statement for its contents.

145.    Deny Paragraph 145.

146.    Deny Paragraph 146 and respectfully refer the Court to the Registration Statement for its contents.

147.    Deny Paragraph 147 and respectfully refer the Court to the Registration Statement for its contents.

148.    Deny Paragraph 148.

149. Deny Paragraph 149 and respectfully refer the Court to the Registration Statement for its contents.

150. Deny Paragraph 150.

151. Deny Paragraph 151 and respectfully refer the Court to the Registration Statement for its contents.

152. Deny Paragraph 152.

153. Deny Paragraph 153 and respectfully refer the Court to the Registration Statement for its contents.

154. Deny Paragraph 154.

155. Paragraph 155 purports to state legal conclusions, to which no response is required. To the extent a response is required, deny Paragraph 155, except admit that Plaintiffs seek to bring this action as a class action.

156. Deny Paragraph 156, except deny knowledge or information sufficient to form a belief as to the number of members of the putative class, and admit that Tuya ADSs are traded on the NYSE.

157. Deny Paragraph 157.

158. Deny Paragraph 158.

159. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 159.

160. Deny Paragraph 160.

161. Deny Paragraph 161.

162. The Tuya Defendants repeat and reincorporate each and every response to the allegations above, as if set forth fully herein.

163.     Deny Paragraph 163, except admit that Plaintiffs seek to bring claims under the Securities Act.

164.     Deny Paragraph 164.

165.     Deny Paragraph 165.

166.     Deny Paragraph 166, except deny knowledge or information sufficient to form a belief as to the truth of the statements regarding the Underwriter Defendants' acts, transactions and conduct, admit that Tuya was the registrant for its IPO, and respectfully refer the Court to the Registration Statement for its contents.

167.     Deny Paragraph 167.

168.     Deny Paragraph 168.

169.     Deny Paragraph 169.

170.     Deny Paragraph 170.

171.     The Tuya Defendants repeat and reincorporate each and every response to the allegations above, as if set forth fully herein.  To the extent Paragraph 171 contains allegations related to Mr. Immelt, the § 15 claim has been dismissed as to him, and therefore no response on his behalf is required.

172.     Deny Paragraph 172, except admit that Lead Plaintiffs seek to bring claims under the Securities Act.  To the extent Paragraph 172 contains allegations related to Mr. Immelt, the § 15 claim has been dismissed as to him, and therefore no response on his behalf is required.

173.     Deny Paragraph 173.  To the extent Paragraph 173 contains allegations related to Mr. Immelt, the § 15 claim has been dismissed as to him, and therefore no response on his behalf is required.

174.    Deny Paragraph 174.  To the extent Paragraph 174 contains allegations related to Mr. Immelt, the § 15 claim has been dismissed as to him, and therefore no response on his behalf is required.

175.    Deny Paragraph 175.  To the extent Paragraph 175 contains allegations related to Mr. Immelt, the § 15 claim has been dismissed as to him, and therefore no response on his behalf is required.

176.    Deny Paragraph 176.  To the extent Paragraph 176 contains allegations related to Mr. Immelt, the § 15 claim has been dismissed as to him, and therefore no response on his behalf is required.

177.    Deny Paragraph 177.  To the extent Paragraph 177 contains allegations related to Mr. Immelt, the § 15 claim has been dismissed as to him, and therefore no response on his behalf is required.

178.    Deny Paragraph 178.  To the extent Paragraph 178 contains allegations related to Mr. Immelt, the § 15 claim has been dismissed as to him, and therefore no response on his behalf is required.

In response to the Prayer for Relief, the Tuya Defendants deny that Plaintiffs or putative class members are entitled to any judgment, damages, recovery, or relief whatsoever.

179.    Deny Paragraph 179.

## **DEFENSES**

The Tuya Defendants state the following defenses and reserve their right to assert other and additional defenses, crossclaims, and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, the Tuya Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiffs

and members of the putative class.  The defenses asserted below are intended to apply equally to Plaintiffs and/or any member of the putative class.

## FIRST DEFENSE

1.      The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

2.      Plaintiffs' claims are barred, in whole or in part, because they are untimely under 15 U.S. Code § 77m.

## THIRD DEFENSE

3.      Plaintiffs' claims are barred, in whole or in part, because they fail to adequately plead (and cannot prove) compliance with the statute of limitations set forth in 15 U.S. Code § 77m, as required by applicable law.

## FOURTH DEFENSE

4.      Plaintiffs' claims are barred, in whole or in part, because the Registration Statement does not contain an untrue statement of material fact and does not omit a material fact required to be stated therein or necessary to make the statements therein not misleading.

## FIFTH DEFENSE

5.      Plaintiffs' claims are barred, in whole or in part, because the material information and/or risks allegedly omitted from the Registration Statement were fully disclosed therein.

## SIXTH DEFENSE

6.      Plaintiffs' claims are barred, in whole or in part, because the Tuya Defendants made full and accurate disclosures of all information required to be disclosed by law and did not omit any statement of fact necessary in order to make the statements made by the Tuya Defendants not misleading.

**SEVENTH DEFENSE**

7.       Plaintiffs' claims are barred, in whole or in part, because some or all of the information alleged to have been omitted from the Tuya Defendants' disclosures was actually or constructively known to Plaintiffs and/or their agents, financial representatives, and/or broker-dealers and because Plaintiffs purchased Tuya's ADSs with actual or constructive knowledge of the risks involved in an investment in Tuya's ADSs, and thus assumed the risk that the value of the ADSs would decline if such risks materialized.

**EIGHTH DEFENSE**

8.       Plaintiffs' claims are barred, in whole or in part, because the Tuya Defendants had no duty to disclose, or cause the disclosure of, any material information allegedly omitted from the Registration Statement.

**NINTH DEFENSE**

9.       Plaintiffs' claim are barred, in whole or in part, because the information they allege was omitted from the Registration Statement was not information Tuya knew, should have known, or could have known prior to its IPO.

**TENTH DEFENSE**

10.      Plaintiffs' claim are barred, in whole or in part, because the information they allege was omitted from the Registration Statement was not information that was knowable as a general matter prior to Tuya's IPO.

**ELEVENTH DEFENSE**

11.      Plaintiffs' claims are barred, in whole or in part, as to the Individual Defendants, because, with respect to each alleged untrue statement or omission of material fact "not purporting to be made on the authority of an expert, and not purporting to be a copy of or extract from a report

21

or valuation of an expert, and not purporting to be made on the authority of a public official document or statement," the Individual Defendants "had, after reasonable investigation, reasonable ground to believe and did believe, at the time such part of the [R]egistration [S]tatement became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading."  15 U.S.C. § 77k(b)(3)(A).

**TWELFTH DEFENSE**

12.     Plaintiffs' claims are barred, in whole or in part, as to the Individual Defendants, because, to the extent that portions of the Registration Statement "purporting to be made upon [the] authority [of] an expert or purporting to be a copy of or extract from a report or valuation … [of] an expert," the Individual Defendants "had no reasonable ground to believe and did not believe, at the time such part of the [R]egistration [S]tatement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the [R]egistration [S]tatement did not fairly represent the statement of the expert or was not a fair copy of or extract from the report or valuation of the expert."  15 U.S.C. § 77k(b)(3)(C).

**THIRTEENTH DEFENSE**

13.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs cannot establish primary liability necessary for purposes of a claim under 15 U.S.C. § 77o.

**FOURTEENTH DEFENSE**

14.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs cannot establish that any Individual Defendant was a "control person" for purposes of a claim under 15 U.S.C. § 77o.

22

**FIFTEENTH DEFENSE**

15.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs cannot establish that any Individual Defendant was a culpable participant for purposes of a claim under 15 U.S.C. § 77o.

**SIXTEENTH DEFENSE**

16.     Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of, inter alia, the total mix of available information.

**SEVENTEENTH DEFENSE**

17.      Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements and omissions did not impact the market price of Tuya's ADS.

**EIGHTEENTH DEFENSE**

18.     Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs' alleged damages represent the depreciation in value of Tuya's ADS resulting from factors other than the part or parts of the Registration Statement, with respect to which Plaintiffs assert liability, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.  15 U.S.C. § 77k(e).

**NINETEENTH DEFENSE**

19.     Plaintiffs' claims are barred, in whole or in part, because some or all of the matters allegedly misstated or omitted from the Registration Statement were matters readily available in the public record and/or widely known to the market and to the investing community.

23

**TWENTIETH DEFENSE**

20.     Plaintiffs' claims are barred, in whole or in part, because all the alleged misstatements and omissions referenced in the Amended Complaint are expressions of puffery or opinion that Lead Plaintiffs have not alleged, and cannot prove, were opinions that were not truly held.

**TWENTY-FIRST DEFENSE**

21.     Lead Plaintiffs' claims are barred, in whole or in part, because plaintiffs have not suffered any cognizable damages, including but not limited to legally cognizable injury or damages under the Securities Act of 1933 and the provisions of 15 U.S.C. § 77k(e).

**TWENTY-SECOND DEFENSE**

22.     Plaintiffs may not recover damages exceeding, or otherwise differing in kind, magnitude, and/or measure from, those permitted under 15 U.S.C. §§ 77k(e), (g).

**TWENTY-THIRD DEFENSE**

23.     Plaintiffs' claims are barred, in whole or in part, by the terms, disclaimers, and disclosures in Tuya's SEC filings.

**TWENTY-FOURTH DEFENSE**

24.     Plaintiffs' claims against each of the Individual Defendants are barred, in whole or in part, to the extent that they seek damages exceeding each Individual Defendant's proportionate liability.

**TWENTY-FIFTH DEFENSE**

25.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs (or any putative class member) did not acquire Tuya ADSs that are traceable to the Registration Statement and therefore lack standing to assert federal securities fraud claims against the Tuya Defendants.

24

## TWENTY-SIXTH DEFENSE

26.    The Tuya Defendants are not liable to Plaintiffs in connection with any purchases of securities offered in the IPO that (i) were not offered in the United States pursuant to the Registration Statement; or (ii) were not sold or purchased on the New York Stock Exchange.

## TWENTY-SEVENTH DEFENSE

27.    The putative class period is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

## TWENTY-EIGHTH DEFENSE

28.    Plaintiffs' request for attorney's fees is inappropriate on the facts of this action.

## TWENTY-NINTH DEFENSE

29.    Plaintiffs are not entitled to their costs and expenses in this action, including experts' fees, as any such request is inappropriate on the facts of this action.

## THIRTIETH DEFENSE

30.    Plaintiffs' request for interest is inappropriate on the facts of this action.

## THIRTY-FIRST DEFENSE

31.    The Tuya Defendants have not knowingly and intentionally waived any applicable additional defenses and reserve the right to raise any additional defenses not asserted herein of which they become aware at any subsequent stage of this action.  The Tuya Defendants further reserve the right to amend their Answer and Defenses accordingly and to delete defenses that they determine are not applicable during the course of discovery.

## THIRTY-SECOND DEFENSE

32.    The Tuya Defendants adopt by reference any defense pled by any other Defendant not expressly set forth herein to the extent applicable to any of the Tuya Defendants.

**PRAYER**

WHEREFORE, the Tuya Defendants respectfully request that the Court:

1.    Deny class certification and strike all class allegations from the Amended Complaint;

2.    Render judgment that Lead Plaintiff take nothing by this suit;

3.    Dismiss the Amended Complaint with prejudice;

4.    Award the Tuya Defendants their costs of court and other fees; and

5.    Grant any other just and proper relief to which the Tuya Defendants may be entitled.

Dated: April 25, 2024                                  Respectfully submitted,

                                                      DAVIS POLK & WARDWELL LLP

                                                      */s/ Edmund Polubinski*

                                                      Edmund Polubinski
                                                      Marie Killmond

                                                      450 Lexington Avenue
                                                      New York, New York 10017
                                                      Tel: (212) 450-4000
                                                      Email:  edmund.polubinski@davispolk.com
                                                                  marie.killmond@davispolk.com

                                                      Mari Grace Byrne
                                                      901 15th St., NW
                                                      Washington, DC 20005
                                                      Tel: (202) 962-7000
                                                      Email: mari.grace@davispolk.com

                                                      Jonathan K. Chang
                                                      10/F The Hong Kong Club Building
                                                      3A Chater Road
                                                      Hong Kong SAR, China
                                                      Tel: (852) 2533-3300
                                                      Email:  jonathan.chang@davispolk.com

                                                      *Attorneys for Defendants Tuya, Inc., Yi (Alex)*
                                                      *Yang, Xueji (Jerry) Wang, Liaohan (Leo)*
                                                      *Chen, Yao (Jessie) Liu, Scott Sandell, Carmen*
                                                      *Chang, Jeff Immelt, Qing Gao, and Jing Hong*

27