UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XIAOMENG LIAN, individually and on behalf of all others similarly situated,<br><br>                   Plaintiffs,<br><br>  -against-<br><br>TUYA INC., et al.,<br><br>                   Defendants. | 22-CV-06792 (JPC) (RFT)<br><br>**OPINION AND ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On April 25, 2024, the parties submitted a Report of Rule 26(f) Discovery Plan ("Report") with competing proposed deadlines. (*See* ECF 139, Report.) Defendants take the position that their recently filed motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure (ECF 136, 137, 138) triggers the PSLRA automatic stay; they argue that "a motion under Rule 12(c) is deemed to be a motion to dismiss for purposes of 15 U.S.C. § 78u-4(b)(3)(B)." (ECF 139, Report at 8-9 (internal quotation marks omitted) (citing cases).) The Rule 12(c) motion, if granted in its entirety, would result in dismissal of the entire case against all Defendants.

Plaintiffs point out that "the purpose of the PSLRA's discovery stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until after the Court has sustained the legal sufficiency of the complaint" and contend that the statutory purpose "has been fulfilled here by Judge Cronan's denial of Defendants' motion to dismiss in large measure." (ECF 139, Report at 10 (internal quotation marks and citations omitted).)

I asked the parties to briefly address this issue at the initial case management conference on May 2, 2024. Having considered the parties' positions as set forth in the Report

and orally at the conference, I conclude that Defendants' pending motion under Rule 12(c) triggers the PSLRA automatic stay of discovery.

I start with the language of the PSLRA, which provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Stays of discovery under the PSLRA are "automatic." *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 383 (2014).

Plaintiffs suggest that a Rule 12(c) motion following a Rule 12(b) motion is somehow different from other motions to dismiss. (*See* ECF 139, Report at 10.) I disagree and find persuasive the reasoning outlined in a case from the Northern District of California where the court issued an order in connection with a discovery dispute, *In re eHealth Inc. Sec. Litig.*, No. 20-CV-02395 (JST) (LJC), 2023 WL 3951178 (N.D. Cal. June 12, 2023):

> Lead Plaintiff has not offered any compelling argument as to why this Court should interpret the PSLRA differently from district courts that treat a Rule 12(c) motion the same as a Rule 12(b)(6) motion for purposes of the discovery stay provision. In the Eastern District of New York, a court found that "a Rule 12(c) motion is a 'motion to dismiss' within the meaning of the PSLRA automatic stay provision, and that therefore the stay is triggered by defendants' Rule 12(c) motion." *Gardner v. Major Auto. Companies*, No. 11-CV-1664 FB, 2012 WL 1230135, at *4 (E.D.N.Y. Apr. 12, 2012). . . . In the Southern District of Texas, a court found a "motion for judgment on the pleadings under Rule 12(c) may trigger the [PSLRA] stay in the same way as a Rule 12(b)(6) motion." *Fed. Deposit Ins. Corp. as Receiver for Franklin Bank v. Morgan Stanley & Co. LLC*, No. CV H-12-CV-1777, 2012 WL 12894738, at *2 (S.D. Tex. Oct. 30, 2012). At most, Lead Plaintiff asserts a policy argument. Congress, however, has balanced the various policy interests at stake in securities litigation, including a plaintiff's need for discovery, and adopted an automatic stay provision that necessarily entails some delay.

2023 WL 3951178, at *2; *cf. Sedona v. Ladenburg Thalmann*, No. 03-CV-3120 (LTS) (THK), 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005) (explaining that courts have found the automatic stay provision to apply both to initial and subsequent motions to dismiss).

Plaintiffs argue that Defendants filed the 12(c) motion to delay discovery. (*See* ECF 139.) They cite to *In re Salomon Analyst Litigation,* which raised the concern that "'[t]o permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse.'" (*Id.*, Report at 10 (quoting *Salomon,* 373 F. Supp. 2d 252, 254-55 (S.D.N.Y. 2004)).) But Defendants are correct that "the hypothetical concerns raised by the court there about application of the PSLRA stay to a successive motion to dismiss are not present here" because the pending 12(c) motion "advances legal arguments that the Court had not considered when ruling on the prior-filed motion to dismiss and is thus 'neither frivolous nor advanced solely to delay the proceedings.'" (ECF 139, Report at 9 (quoting *Salomon,* 373 F. Supp. 2d at 256).) Indeed, Judge Cronan's decision to grant Defendants leave to file the motion (over Plaintiffs' objection) (*see* ECF 132) undercuts the Plaintiffs' argument that the motion is frivolous and was made solely to delay discovery.

As the court noted in *eHealth,* Plaintiffs are "not without recourse to seek a court order allowing discovery. Under the PSLRA, the automatic stay of discovery can be lifted if 'the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.'" *eHealth*, 2023 WL 3951178, at *3 (quoting 15 U.S.C. § 78u-4(b)(3)(B)).

If any claims remain after the decision on the 12(c) motion is decided, discovery will proceed according to the schedule discussed at the initial case management conference, reflected below:

1. **Formal Discovery**

    a. Fact discovery must be complete within 14 months of a decision on the pending 12(c) motion. All remaining discovery must be complete within 18 months of a decision on the pending 12(c) motion.

        i. Depositions shall be completed within 14 months of a decision on the pending 12(c) motion. The parties should meet and confer within 30 days of a decision on the pending 12(c) motion regarding deposition limits per side and submit letters to the Court if they cannot agree.

        ii. Initial Interrogatories shall be served no earlier than the date of a decision on the pending 12(c) motion. Subsequent Interrogatories must be served at least 30 days prior to the fact discovery deadline.

        iii. Initial Requests for Admission shall be served no earlier than the date of a decision on the pending 12(c) motion. Subsequent Requests must be served at least 30 days prior to the fact discovery deadline.

        iv. Initial Requests for Production shall be served no earlier than the date of a decision on the pending 12(c) motion. Subsequent Requests must be served at least 30 days prior to the fact discovery deadline. Document production must be

substantially complete within 8 months of a decision on the pending 12(c) motion.

2. **Joinder**

    a. All parties must be joined no later than 120 days before the close of fact discovery.

3. **Expert**

    a. Expert discovery must be complete within 18 months of a decision on the pending 12(c) motion.

4. **Class Certification**

    a. Class certification motion is due 6 months after a decision on the pending 12(c) motion.

    b. Defendant's Opposition is due 60 days after the filing of the class certification motion.

    c. Plaintiffs' Reply is due 60 days after Defendants' opposition.

5. **Discovery Reports**

    a. The parties shall file joint monthly reports on the status of discovery every 30 days, beginning 60 days after a decision on the pending 12(c) motion, addressing: the discovery exchanged in the past month, discovery that will be exchanged in the next month, any anticipated issues, and whether it would be productive to attempt to settle the case via court-annexed mediation or a settlement conference before me.

5

b. One week after the discovery deadline the parties shall file a joint letter (i) confirming discovery is complete or explaining why discovery is not complete, (ii) proposing dates for a settlement conference or requesting a mediation referral and (iii) proposing a summary judgment briefing schedule.

DATED:   May 2, 2024
         New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge