UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------:

XIAOMENG LIAN,                      : Case No.: 22-cv-6792

                  Plaintiff, :

    v.                              :

TUYA INC., et al.,                  : New York, New York

                  Defendant. : May 2, 2024

------------------------------:

TRANSCRIPT OF STATUS CONFERENCE HEARING

BEFORE THE HONORABLE ROBYN F. TARNOFSKY

UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

| | |
|---|---|
| For Plaintiff: | GLANCY PRONGAY & MURRAY LLP<br>BY:  Casey E. Sadler, Esq.<br>     Natalie Pang, Esq.<br>1925 Century Park East<br>Suite 2100<br>Los Angeles, California 90067 |
| For Plaintiff: | ROBBINS GELLER RUDMAN & DOWD<br>BY:  Alan I. Ellman, Esq.<br>     Natalie Bono, Esq.<br>58 South Service Road<br>Suite 200<br>Melville, New York 11747 |
| For Defendant: | DAVIS POLK & WARDWELL LLP<br>BY:Edmund Polubinski, III, Esq.<br>   Marie Killmond, Esq.<br>   Mari Grace, Esq.<br>450 Lexington Avenue<br>New York, New York 10017 |

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.


AMM TRANSCRIPTION SERVICE - 631.334.1445

THE DEPUTY CLERK:  Good morning.  The judge has entered the conference call.

Honorable Robyn F. Tarnofsky is now presiding over 22-cv-06792; Lian v. Tuya Inc.

I'll ask counsel to please state your appearance for the record, starting with plaintiff, please.

MR. SADLER:  Yes, this is Casey Sadler of Glancy Prongay & Murray, and I'm here with Natalie Pang, on behalf of plaintiff.

THE COURT:  Hello.

MR. ELLMAN:  And this is Alan Ellman and Natalie Bono from Robbins Geller, also on behalf of plaintiff.

THE COURT:  Hello.

MR. POLUBINSKI:  Good morning, Your Honor.  You have Ted Polubinski from Davis Polk.  I'm on with my colleagues, Mari Grace and Marie Killmond.  We represent the Tuya defendants.

MR. TODRES:  And good morning, Your Honor.  This is Andrew Todres from Ropes & Gray.  I'm joined by my colleagues, Gregg Weiner and Elana Stern, and we represent the underwriter defendants, Morgan Stanley BofA Securities, and the China International Capital Corporation Hong Kong

Securities Limited.

THE COURT:  Thank you for being here.

Does anyone know if Mr. Apton or Mr. Lieberman was planning to attend?

MR. SADLER:  Your Honor, they were -- this is Casey Sadler.  They were, I believe, lead plaintiff movants who were not appointed lead, so they're no longer --

THE COURT:  I see.  Okay.  Got it.

All right.  Thank you.

Okay.  So I appreciated the report of the Rule 26(f) conference and your positions on whether the Rule 12(c) motion would trigger the automatic stay of discovery.

My understanding -- and someone should correct me if I'm wrong -- is that the pending motion could potentially lead to the dismissal of the entirety of the case; is that accurate?

MR. SADLER:  Your Honor --

MR. POLUBINSKI:  This is Ted Polubinski from Davis Polk, for the defendants.

It is our motion.  And, yes, you are correct, that both of the grounds that we raised would be dispositive, apply to all defendants, and would result in dismissal of the case in its

entirety.

MR. SADLER:  Your Honor, this is Casey Sadler for plaintiffs.

We disagree with that.  There is a section of -- you know, there is a section of claims having to do with risk disclosures that we do not believe even if their motion was successful, would be dismissed.  We believe it's basically just a partial reconsideration motion.  And we will be briefing that in our opposition.

THE COURT:  But if the judge disagrees with you, then the whole case would be dismissed, right?

MR. SADLER:  Yeah.  I mean, look, of course, if the judge, you know --

THE COURT:  Yeah.  No, I know --

MR. SADLER:  -- made that ruling, of course that could happen, yes.

THE COURT:  Okay.  Well, I mean, then since Judge Cronan has authorized the motion, and since it potentially disposes of the entire case, I think that that triggers the Rule 12(c) -- that triggers the automatic discovery stay of the PSLRA.

So we are not going to be starting discovery right now.  Although I do note that, you

know, this has been going on a while, and I understand that there may need to be some discovery from third parties.

If there is a concern about, you know, documents being lost in the regular course through a document retention policy from third parties, plaintiffs are free to make an application to lift the stay for the purpose of document preservation subpoenas at a minimum, if you make the requisite showing.  And I'm certainly open to taking such motions under advisement.

In terms of the -- yeah.  Sorry.

MR. SADLER:  Yeah.  Sorry.  This is Casey Sadler again.

You know, respectfully, you know, we don't, you know, obviously agree.  You know, we think this 12(c) motion is -- even if it was akin to a 12(b) motion, right, in lots of circumstances, the 12(b) motions, you know, do not stay discovery, you know, as a lot of the cases we do, that we cite in our motion.

But to the extent that, obviously, you know, your ruling is your ruling, you know, our -- we said as a part of, kind of, a compromise position, which we think is, you know, fair for

everyone, is even if, you know, they're not obligated to do, you know, document productions or depositions pending their motion, we think it would be a very efficient use of time because, as you noted, there's a lot of time that has elapsed, and this is going to be a long process that we start the process by us serving, you know, RFPs and then starting the negotiation process.

So in the event that, you know, the judge rules in the way we think they're going to rule, we're not, you know, significantly behind the eightball in terms of timing and how long this is going to happen.  And so --

THE COURT:  So look --

MR. SADLER:  Because we would suggest just doing that part.  And, you know, it's not really a huge burden on defendants.  We're talking about meeting and conferring on RFPs.  They've already said that they've started the process of collecting documents and, you know, looking through what they have.  So, you know, we think this would be a very efficient use of time.

THE COURT:  I certainly understand the position.  The issue with it is that you don't know how much of your case, if any, is going to be left.

And the way the PSLRA is set up, that's just not how it works.

And, you know, I don't think that it's permissible to have you start the meet and confer process. I also know that the meet and confer process, at the best of times, can be quite time-consuming and burdensome. So I am not going to permit that.

But I do believe that the discovery schedule proposed by the defendants is much too long. And so my thoughts are that depositions should be completed within 14 months of a decision on the pending 12(c) motion.

I'd like the parties, after a decision on the pending 12(c) motion, to meet and confer about the number of depositions per side, and that should happen within 30 days of that decision. If you can't reach an agreement, you can write a letter at that point asking me to make a ruling, and I will.

Interrogatories, requests for admission or initial requests for production, I think that they initially should be served no earlier than the date of the decision on the pending 12(c) motion. And the final iteration of each of those should be at least 30 days prior to the fact-discovery

deadline.  And, yeah, that would cover interrogatories, requests for admission, requests for production.

I'd like just document production to be substantially complete within eight months of a decision on the motion to dismiss.  Joinder within 120 days before the close of fact discovery.  Expert discovery should be complete within 18 months after the decision on the pending motion.

For class certification, I'm thinking the deadline to file would be six months after a decision on the motion, the opposition due 60 days thereafter, and the reply 30 days thereafter.  And if the discovery does proceed, if there's something left of this case after the Rule 12(c) motion is decided, then I am going to want monthly joint discovery status reports starting 60 days after the decision on the Rule 12(c) motion just addressing what happened in the past month, what's happening in the next month, and any anticipated issues.

In that status, you can always let me know if it would be a good time for court assistance with settlement talks.  I can get you a referral order to the court-annexed mediation program, which is excellent, or I could hold a settlement

conference.

And within two weeks of the completion of discovery, I'd like a final status report confirming discovery is complete -- if not, indicating why -- proposing dates for a settlement conference if one has not happened yet, or requesting a mediation referral and proposing a summary judgment briefing schedule.

I think that covers it, but if anyone has any issues or concerns, I am open to hearing them.

MR. SADLER:  Yes, Your Honor.  This is Casey Sadler again.

One thing -- I mean, that all makes sense to us.  We think we're going to need more than 30 days on reply on class cert.  That's why we pitched 60, because, you know, often in these cases, in their opposition, they put, you know, expert reports, so we need expert discovery in addition to that.

THE COURT:  Yes.  Okay.

MR. SADLER:  So 30 days is often very tight.  So that's why we set the same amount of time they get for their opp.

THE COURT:  Okay.  That's fine.  Then 60 days for that.

MR. POLUBINSKI:  Your Honor, this is Ted Polubinski.

THE COURT:  Yes.

MR. POLUBINSKI:  I think -- thank you. Thank you for the schedule.  I think -- and we will absolutely endeavor to follow it.  If there are any issues, we will plan to raise them at the time, if needed, in your monthly conferences.

The one point that I might note that wasn't reflected in the 26(f) report, I think, in part, because of the -- sort of the nature of the questions, is that there wasn't a period for expert discovery.  Which ordinarily in a case like this, would occupy an interval of time after the completion of fact discovery but prior to summary judgment.

I don't know that we need to address that now.  And I'd propose that perhaps the parties could discuss and, if needed, propose something to the Court within a short interval after the decision on the 12(c) motion, but obviously happy to proceed however Your Honor would like.  But that's the one item that occurs to me just in hearing the schedule that you laid out.

THE COURT:  Right.

So, look, I normally would say about four months for expert discovery. And that would, I think, have all discovery completed, if I'm doing the math right, within 18 months from the decision on the 12(c) motion. But, look, I mean, we would see how things play out.

MR. POLUBINSKI: That sounds very reasonable, Your Honor. And, again, I think, you know, should the case survive the 12(c) motion, we'll be committed to move as quickly as possible. And if there are issues, we'll raise them promptly.

THE COURT: Okay. Thank you.

If there's nothing further ...

MR. POLUBINSKI: Nothing from the defendants, Your Honor.

THE COURT: Okay. We'll issue an order pretty quickly, in the next day or so.

Thank you, everyone. Take care.

MR. POLUBINSKI: Thank you, Your Honor.

0o0

C E R T I F I C A T E

    I, Adrienne M. Mignano, certify that the foregoing transcript of proceedings in the case of Lian v. Tuya Inc, et al, Docket Number:22CV6792 was prepared using digital transcription software and is a true and accurate record of the proceedings.


Signature  _*Adrienne M. Mignano*_
           ADRIENNE M. MIGNANO, RPR


Date:       May 6, 2024

AMM TRANSCRIPTION SERVICE - 631.334.1445